## Gleason *v.* Chester.

After verdict for the plaintiff, motion in arrest for the insufficiency of the declaration, and judgment for the defendant, and afterwards that judgment reversed, and the cause remanded to be proceeded in according to law, final judgment must be entered upon the verdict.

THIS is the same case, which came before this Court, at the last term, and was dismissed, on a plea in abatement, because no final judgment had been rendered therein. (*a*)  At the subsequent term of the Superior Court, the defendant pleaded anew, *not guilty ;* the plaintiffs demurred ; and final judgment was rendered against them.  They now bring a writ of error, alleging, as before, that the Court below ought to have awarded an execution on the verdict, and not ordered a repleader.

*Edwards,* (of New-Haven) and *Pitkin,* for the plaintiffs.

*Daggett* and *Terry,* for the defendants.

This Court reversed the judgment, EDMOND, *Ast.* dissenting, and granted execution for the amount of the verdict and costs, with interest.

BY THE COURT.  By the organization of our juridi-

(*a*) Vide ante, p. 27.

cal system, on entering an action, after reversal, the plaintiff is entitled to immediate relief, or required further to pursue his remedy, according to the state of his case, on a view of the record. The rights of the parties require, that such view be retrospective so far, and so far only, as the proceedings, on record, appear to have been impugned, by the judgment of reversal. In this case, the certainty and verity of the plaintiffs' declaration appear, by the record, to have been ascertained, in a legal course of judicial proceedings. Their claim appears, on the record, certain, valid, and complete ; and it remained, that, on their motion, without further trial, they should have judgment for the sum, found by the jury, in their favour.