## JUDSON *against* BLANCHARD :

### IN ERROR.

In a suit by a minor, an express admission of a *prochein amy* to prosecute, is unnecessary ; the admission of the *prochein amy* named in the writ, until disallowed, being implied.

Where the judgment of the court, in a prosecution for maintenance of a bastard child, was, " That the defendant stand charged, jointly with the mother, with the maintenance of the child, for 4 years, 8 months and 22 days, from the 18th of *July*, 1819, and pay her therefor, at and after the rate of 58 cents *per* week ; and that the clerk of the court issue execution, at the end of each successive period of three calendar months from the 18th of *July*, 1819, for so much as shall be in arrear of said sum of 58 cents *per* week, at the end of each of said periods, respectively, so long as said child shall live in the term of 4 years, 8 months and 22 days :" it was held, that the limitation expressed in the latter clause extended to and qualified the judgment, as well as the issuing of execution.

Where the finding of the court, in a prosecution for maintenance of a bastard child, was, " That the facts in said original and supplemental complaints is alleged ; and, therefore, the court doth adjudge the said *A. B.* to be the reputed father of said child ;" such finding was held to be insufficient, and the judgment rendered thereon, erroneous.

In a writ of error, brought on a judgment of the county court, the record of that court was incorrectly recited ; the superior court affirmed the judgment ; whereupon a writ of error was brought before the supreme court of errors ; after pleading *in nullo est erratum*, the defendant in error, discovering the diminution of the record, moved, that the writ of error be so amended as to shew the true record, or that the plea of *nul tiel record* be substituted for that given : held, that such amendment could not be made, as the writ of error contained a perfect transcript of the record of the superior court ; and that the plea of *nul tiel record*, for the same reason, would be of no avail.

After judgment of affirmance, in the superior court, of a judgment of the county court, and a writ of error brought to reverse the first-mentioned judgment

*Fairfield,*
*June,*
1821.

June 29.

*Fairfield,*
*June,*
*1821.*

Judson
*v.*
Blanchard.

it is not competent for the superior court to allow an amendment, in a matter of substance, of the record of that court.

On the reversal, by the supreme court of errors, of a judgment of the superior court, affirming a judgment of the county court, the cause, if the matter in issue remain undecided, may be remanded to the county court, to be proceeded with according to law.

THIS was a prosecution upon the statute of *Bastardy*, by *Sarah Blanchard*, the mother of a bastard child, against *Judson*, alleged to be the father, for its maintenance. In her original complaint, before the county court, she described herself, as "a minor, under twenty-one years of age, suing and prosecuting her complaint, by *Samuel Beardslee*, her next friend." Her supplemental complaint, also, was preferred, by " her said next friend." On the issue of *not guilty*, the finding and judgment of the court, were as follows : " This court having fully heard the parties, with their evidences, exhibits, and arguments of counsel, doth find, that the facts in said original and supplemental complaints, is alleged ; and, therefore, adjudge the said *Judson* to be the reputed father of said child ; and, on due examination, doth moreover find, the expences necessarily incurred, and paid out, by the said *Sarah Blanchard*, for said child, at its birth, and for nursing the same, have amounted to the sum of 109 dollars, and 45 cents ; and that of right the defendant ought to pay thereof the sum of 54 dollars, 72 cents, and her costs : and this court doth order, that said *Judson* stand charged, jointly with the said *Sarah Blanchard*, with the maintenance and support of said child, for four years, and eight months, and twenty-two days next following the 18th day of *July*, 1819, and to pay to her therefor, at and after the rate of fifty-eight cents *per* week ; and, that the clerk of this court do issue execution, at the end of each successive period of three calendar months, from the 18th day of *July*, 1819, for so much as shall be in arrear of said sum of fifty-eight cents *per* week, at the end of each of said periods, respectively, so long as said child shall live, in the term of four years, eight months, and twenty-two days ; and, that execution be now issued for so much of said sum of fifty-eight cents *per* week, as is now in arrear, agreeably to the terms of this order, together with said sum of 54 dollars, 72 cents, and the costs aforesaid."

The defendant brought a writ of error, in the superior court, assigning these errors : 1st, That the county court found

*Fairfield,*
*June,*
*1821.*

Judson
*v.*
Blanchard.

him *guilty*, and ordered, that he should stand charged with the maintenance of the child, for the term specified, without any provision to be exempt therefrom, after the death of the child; 2ndly, That the plaintiff prosecuted the suit, being an infant, without any guardian allowed by the court. The superior court affirmed the judgment of the county court; whereupon the original defendant brought the present writ of error, praying for a reversal of the latter judgment, for the reasons assigned in the former writ of error, and for other reasons apparent upon the record. The defendant in error pleaded, *In nullo est erratum.*

*N. Smith* and *Sherman*, for the plaintiff in error, contended, 1. That as the plaintiff was an infant, it was not competent for her to prosecute, or plead, except by *prochein amy allowed.*

2. That the judgment, or decree, of the county court, was erroneous, because it charged the defendant, unconditionally, with the maintenance of the child, for the term of 4 years, 8 months, and 22 days. The limitation, in the subsequent part of the record, expressed by the words, " so long as the child shall live in the term," applies only to the issuing of execution. This would afford the judgment debtor little relief, so long as the judgment remained, which might be enforced, by action of debt, or *scire-facias.*

3. That the county-court erred, because they found the defendant to be the reputed father of the child, without finding the facts in the original and supplemental bills *true*, but merely on the ground that those facts were there *alleged* by the complainant.

*Daggett* and *Sherwood*, contra, contended, 1. That a record of the admission of a *prochein amy* is not necessary. By our practice, the admission is merely a *tacit* one. The *prochein amy* is named in the writ, and begins to act as soon as the suit is commenced. When the writ is returned, the court will, if they disapprove of the *prochein amy* named, displace him, and if necessary, appoint another; or they will suffer the cause to proceed without any change, which virtually expresses their approbation. This course was sanctioned, by the superior court, in *Apthorp* v. *Backus*, *Kirb.* 410., and has since been invariably pursued, and considered as settled law.

*Fairfield,*
*June,*
*1821.*

Judson
*v.*
Blanchard.

2. That the words, " so long as the child shall live," &c. in the record, apply to " the maintenance and support," as well as to the issuing of execution. The language used, to say the least, *admits* of this construction ; and other considerations *require* it. The maintenance and support of the child, and consequently, the defendant's obligation, must *necessarily* cease, on its death. Could a *scire-facias* lie to recover the weekly allowance, after the death of the child ? Suppose the defendant had given a bond to maintain the child four years ; and it had died at the end of two years ; could any recovery be had upon the bond for maintenance, after the two years ?

3. That the finding of the county court, as presented to this court, is sufficient. In the first place, to make sense of the record, it may be read as if the word " that" were expunged ; in which case, the finding would be this : " *The court having fully he*ird, *&c., doth find the facts in said original and supplemental complaints.* Secondly, if no word be expunged, the general fact, *that Judson is the reputed father of the child,* is found ; which is sufficient.

After the case had been argued, upon the grounds above stated, the counsel for the defendant in error, made the following motion, in writing : " And now the defendant, after pleading, *nothing erroneous,* moves this honourable court to cause said writ of error to be amended ; or that the same may be remanded to the superior court, from which it issued, there to be proceeded with according to law, to the end that she may be permitted to plead, that there is no such record as that which is set forth ; or, there allege a diminution of record ; for that she hath discovered, since the plea pleaded, and since the argument on said writ of error, that by the fraud or mistake of the plaintiff in error, no true copy of the record of said county court, was before said superior court, or before this court ; but the pretended copy, set forth in said writ of error, is, and when said writ of error was prayed out, was, materially variant from the record of the county court, in this, *viz.* that next after the words " This court doth find," in said pretended copy, the following words, only, are inserted, *viz.* " That the facts in said original and supplemental complaints, is alleged," whereas in said original record, the following words appear, *viz.* " That the facts in said original and supplemental complaints alleged, are true, and that the defendant

is *guilty,* in manner and form, as in said complaints is alleg-
ed ;" and by the said false copy, thus procured by the plaintiff
in error, this court are precluded from deciding on the rights
of the parties on record : all which she is ready to verify.

*Fairfield,*<br>June,<br>1821.

Judson<br>*v.*<br>Blanchard.

     *Daggett* and *Sherwood,* for the defendant."

 The questions arising on this motion, were subsequently
argued, by counsel.

 *Daggett,* in support of the motion, contended, 1. That it
was competent for this court to direct the transcript of the
record in question to be amended. He referred to the *Eng-
lish* statutes of *Amendment and Jeofail,* cited and digested,
*Bac. Abr. tit.* Amendment and Jeofail, B., *Laws of New-
York, vol.* 2. *p.* 54., 1 *Stat. Conn. tit.* 2. *c.* 1. 2., *Tillotson* v.
*Cheetham,* 3 *Johns. Rep.* 95., *Short* v. *Coffin,* 5 *Burr.* 2730.,
*Vicars* v. *Haydon, Cowp.* 841., *Tully* v. *Sparkes,* 2 *Stra.* 867.,
*Chapman* v. *Gale,* 2 *Lev.* 22., *Doe* d. *Church & Phillips* v.
*Perkins &* al. 3 *Term Rep.* 749., *Petrie* v. *Hannay,* 3 *Term
Rep.,* 659., *Richards,* q. t. v. *Brown, Doug.* 114., *Meredith* v.
*Davies,* 1 *Salk.* 270.

 2. That upon a continuance of the cause in this court, for
the purpose, the record might be amended in the superior
court. *Clap* v. *Clap,* 4 *Mass. Rep.* 520., *Thatcher &* al. v.
*Miller,* 13 *Mass. Rep.* 270., 1 *Root,* 572.

 3. That if the judgment below should be reversed, the
cause ought to be remanded to the county court, to be pro-
ceeded with according to law. *Gleason* v. *Chester,* 1 *Day,*
152., *Coleman* v. *Wolcott,* 4 *Day* 29., *The brig Caroline* v. *The
United States,* 7 *Cranch* 500.

 *N. Smith* and *Sherman,* contra, contended, 1. That this
court had no power to make the proposed amendment. Final
judgment has been rendered, by the superior court , and the
record of that court is truly stated in the writ of error. At
common law, an amendment cannot be made after the term,
in which the judicial act in question, was done. 3 *Bla. Comm.*
407. And we have no statute applicable to this case, altering
the common law. Here is, then, a two-fold difficulty. First,
the *time* has gone by. Secondly, there is no *cause* for amend-
ment. The object of the present writ of error, is, to reverse
the judgment of the superior court ; the issue, is upon that
judgment ; which, if truly brought up, is all that this court can

*Fairfield,*
June,
1821.

Judson
*v.*
Blanchard.

look at.    But if the amendment in question were made, this court would have before them a record, which had never been the subject of adjudication in the superior court.

2. That if the cause should be continued in this court, the the superior court could not interfere.    The cause is not "*pending*" before that court.    An amendment, after final judgment, and a writ of error brought, would be a novelty in practice ; and equally unwarranted, by any principle of the common law, or any statutory provision.

3. That the cause could be remanded to the county court, for no other purpose, than to be *tried again*.    A reversal of the judgment of the superior court, is, of course, a reversal of the judgment of the county court.    The defect being in the *finding*, no step can be taken, after reversal, without a new finding, for which a new trial is necessary.

HOSMER, Ch. J.    The judgment of the county court is claimed to be erroneous, for the following reasons.    1st, Because the defendant below, was charged with the maintenance of an illegitimate child, for a specified time, without any exemption therefrom, after the child's death.    2ndly, Because the plaintiff below, being an infant, prosecuted the suit without the allowance of a guardian, or *prochein amy*, by the county court.    And, 3dly, Because the county court adjudged *Judson* to be the reputed father of the child, not having found the facts in the original and supplemental complaints to be true.

1. The fact assumed in the first objection, is not supported, by the record.    Execution is to issue, quarterly, " so long as said child shall live," and no longer ; and the preceding expressions in the judgment, by undoubted construction, are limited and qualified by this provision.

2. Conformably with the established practice of our courts, it was unnecessary, that there should be an express allowance of the plaintiff below, to prosecute her suit by *prochein amy*. *Apthorp* v. *Backus, Kirby* 409.    It was sufficient, that the *prochein amy* was not disallowed ; and until this is done, the admission to prosecute, has always been implied.

3. It is requisite, that the county court should have found the material facts in issue, for, or against the plaintiff ; and if this has been omitted, the determination of the court is erroneous.    The original and supplemental complaints, compris-

ed necessary facts, to warrant a judgment against the defend-ant, as being the reputed father of the child ; all of which were put in issue. The court has only found, " That the facts in said original and supplemental complaints is alleged ; and doth, therefore, adjudge the said *Agur Judson* to be the reputed father of said child." Finding the facts to have been alleged, is not determining that they were true ; and this omission is not aided, by the subsequent expression, adjudging the defendant the reputed father ; as this is not the declara-tion of a fact, but of an inference, following the word " there-fore," supposed to result from the preceding facts establish-ed by the record.

The defendant in error has moved the court to cause the writ of error to be amended ; having discovered, that a false copy of the county court's decree, was inserted in the said writ of error ; or, that permission be given her to withdraw her plea, and plead *nul tiel record.* The record before this court admits of no amendment, as it is a perfect transcript of that of the superior court ; and any alteration of it, would ren-der it not a true copy, but a false one. For the same reason, the plea of *nul tiel record* would be of no avail, as the fact de-nied would unquestionably be supported, by the adduction of the record.

If the record of the superior court is amendable, it can be done, by that court only. After error brought upon a judg-ment of the superior court, it is necessary to make the amend-ment in the latter court ; because the record of that court is not before us, but a transcript of it only. This, however, presents no objection to the motion, if the record of the supe-rior court is amendable ; for the amendment being made by that court, it may be certified to us on diminution alleged, and thereupon the court can order the transcript to be amended.

This view of the subject raises this, as the only material question on the motion ; whether the superior court, after judgment, is authorised to cause the requested amendment to be made. I shall assume as being the fact, that the record of the county court was mistakenly, and incorrectly recited, and, on plea of *in nullo est erratum*, that the judgment of that court was erroneously affirmed, by the superior court. The motion is not, that there be an amendment in matter of form, or of a clerical misprision ; but in matter of substance, without which

*Fairfield,*
*June,*
*1821.*

Judson
*v.*
Blanchard.

the judgment will ever remain erroneous. In the case proposed, there is no statute authorising an amendment; and, at common law, after the record is made up and enrolled, to amend is not permitted. While the proceedings are in paper, an amendment at common law may be made; but when the proceedings are entered on record, the court will amend no farther, than is allowable by statute. 1 *Tidd's Prac.* 558. 660., *The King* v. *Knowles*, 1 *Salk.* 47., *Anon.* 3 *Salk.* 31., *Gilb. C. P.* 116. *Wooden* and *Hazel's* case, 1 *Leon.* 134., *Dicken* v. *Greenville, Carth.* 158., *Walker* v. *Stokoe, Carth.* 367. S. C. 5 *Mod.* 16. 69., S. C. *Comb.* 354., *Blackmore's* case, 8 *Co.* 157. *a.* *Tonkyn* v. *Crocker, Carth.* 520., S. C. 1 *Ld. Raym.* 564., 3 *Bla. Comm.* 407.

This has been the uniform and established law on this subject, existing from remote antiquity, and so rigidly adhered to, that from the 14 *Edw.* III. *stat.* 1. *c.* 6., the first of the statutes of *jeofail*, numerous acts have been made to authorise even amendments of form and clerical misprisions. By the statutes of 8 *Hen.* 6. *c.* 12., and 8 *Hen.* 6. *c.* 15., the misprisions of clerks are amendable at any time; and by stat. of 4 *Anne, c.* 16., imperfections, omissions, and defects in any writ, &c., except those only which the party demurring shall specially and particularly set down, and express with his demurrer, are to be disregarded, " so as sufficient matter appears on the said pleadings." The cases which have been cited, the most, if not all, of them, were determined on the foundation of the above, or other statutes; and relate to formal imperfections, or the misprision of clerks. In the case of *Tully* v. *Sparkes*, 2 *Stra.* 867. S. C. 2 *Ld. Raym.* 1570., cited by the defendant's counsel, the amendment was made by virtue of the 16 & 17 *Car.* II. *c.* 8. In *Vicars* v. *Haydon, Cowp.* 841., on which much reliance has been placed, the amendment was of *form* only. In an action of ejectment, the time in the lease declared on having expired before judgment, and after this, judgment having been rendered, it was enlarged by the court; the lease, as is well known, being fictitious, and not the subject of denial, and the lessor, the real plaintiff in the action. In numerous cases, the slips or misprisions of clerks, have been amended after judgment; and cases of this description, have been referred to; but for the reasons before assigned, they have no bearing on this case. *Richards* q. t. v. *Brown, Doug.* 114., *Short* v. *Coffin*, 5 *Burr.* 2730., *Chapman* v. *Gale*, 2 *Lev.*

22., *Rees* v. *Morgan*, 3 *Term Rep.* 349., *Petrie* & al. v. *Hannay*, 3 *Term Rep.* 659., *Doe* d. *Church* and *Phillips* v. *Perkins* & al. 3 *Term Rep.* 749. In *Tillotson* v. *Cheetham*, 3 *Johns. Rep.* 95., an amendment, after error brought, was allowed ; but of clerical misprisions only.  " It would be disgraceful," said Ch. J. *Kent*, " to our judicial proceedings, if mere clerical mistakes, in matters of form, were not susceptible of a ready redress ; or if they were permitted to defeat a recovery upon the merits of a cause."    I am clear, if this case were before the superior court, the requested amendment, in a matter of substance, could not be made ; and however well inclined to do it, of which there can be no doubt, the court is not invested with legal authority.

If no facts extrinsic of the record had been disclosed, on the motion of the defendant in error, I should be of the opinion, that the cause ought to be remanded to the county court. The cause on the record appears to have been virtually undecided, inasmuch as the matters in issue, have never been found for either party ; and this, in effect, would be awarding a new trial, as the necessary means of effecting justice.    And the reason for doing this, is rendered more imperious, by the facts disclosed on the motion.    The cause, assuming the facts stated to be true, has been fairly tried, and legally adjudged ; and by an unfortunate error in both parties, the court is compelled to reverse a judgment, which, undoubtedly, is correct.    So far as there exists no power to prevent the ill consequences arising in the case, we must acquiesce ; but beyond this, to withhold any possible legal aid, would be the denial of justice. That the court has the requisite authority, I cannot doubt, on a view of the established practice in several cases.    *Gleason* v. *Chester*, 1 *Day* 152., *Coleman* v. *Wolcott*, 4 *Day* 29.    In the case last cited, this court remanded the cause for trial, on a statement of facts, entirely *dehors* the record.

There is manifest error, and the judgments of the superior and county courts must be reversed, and the cause remanded to the latter court, to be there proceeded with, according to law.

The other Judges were of the same opinion.

Judgment reversed ; and the cause remanded to the county court.