WILLIAM S. KELLY *vs.* GEORGE S. WIARD.

The plaintiff had an admitted claim against the defendant for $48; the defendant had an account against him for work done under an agreement that it should be applied on the claim, the amount to be allowed being in dispute, the defendant demanding $41, which was more than the work was worth. The plaintiff brought a suit before a justice of the peace, returnable at nine o'clock in the forenoon of a certain day; the defendant brought a suit against the plaintiff before a justice in a town in another county, where he resided, returnable at six o'clock in the morning of the same day. The plaintiff sent an attorney to appear in the defendant's suit, who moved for an adjournment, which was refused, and judgment rendered for the present defendant for the full amount claimed by him. The justice allowed two days for an appeal, but none was taken. The plaintiff attended before the justice in his own case, and the defendant appeared, and judgment was rendered for the plaintiff for $48, after deducting $18 allowed by the justice for the defendant's work. No appeal was taken from this judgment. Upon a suit afterwards brought by the plaintiff for a permanent injunction against the enforcing of the defendant's judgment, it was held—

1. That the facts furnished an equitable ground for such an injunction.
2. That the plaintiff could not be regarded as guilty of such laches as to debar him from favorable consideration in a court of equity.
3. That it was not a sufficient reason for refusing him equitable aid, that the defendant, after he had brought his suit, upon the plaintiff's request for an adjournment of it, had offered to try it at an earlier day than the one named in the writ, and that the plaintiff had refused to do it.
4. That the defendant had no equitable claim that the judgment should be allowed to stand for whatever might be justly chargeable for his work above the $18 allowed by the justice in the plaintiff's suit, as he had a full opportunity to be heard in that suit, as well as to appeal, and if any loss resulted to him from the whole matter it was his own fault.

Where in a civil suit under the Practice Act a plaintiff seeks equitable relief, it is no ground of objection that he ought to have availed himself of his legal remedy, since the court under the act can render in the same suit either a legal or equitable judgment, as the case may require.

CIVIL ACTION, for a permanent injunction against the enforcing of a judgment at law, brought to the Court of Common Pleas, and tried before *Stoddard, J.* The following facts were found by the court:—

On the 28th of November, 1877, the defendant was indebted to the plaintiff in the sum of $48, for which the

plaintiff held an order which had been accepted by the defendant. Afterwards they entered into a contract whereby the defendant agreed to do and did work for the plaintiff, for which the defendant charged him $41.75. It was agreed that the work was not to be paid for in cash, but was to be applied in part payment of the order. There never was any adjustment between them of the amount to be charged for the work, and it is found that it was not of the value of $41.75.

On the 9th of June, 1880, the plaintiff sued the defendant before a justice of the peace in Bridgeport, in Fairfield County. The writ was returnable on the 28th of June, 1880, at nine o'clock in the forenoon, when the parties appeared and judgment was rendered in favor of the plaintiff upon the order, less the sum of $18.50, which the justice allowed for the defendant's work. The trial was on the general issue. The defendant's counsel cross-examined all the plaintiff's witnesses, but offered no other testimony, though Wiard was personally present during the whole trial.

On the 21st of June, 1880, the defendant sued the plaintiff before a justice of the peace in Naugatuck, in New Haven County, where the former resided, the writ being made returnable at six o'clock in the morning of the 28th of June. At that time Wiard appeared by his attorney and Kelly by his attorney; the latter moved for a continuance of the case, which was refused by the justice. He then filed a plea in abatement, which was overruled, and from which judgment he appealed; but the justice refused to allow the appeal and required him to answer over or plead to the merits, which he refused to do. Wiard's counsel offered one witness, and Kelly's counsel asked him one or two questions, but offered no evidence and took no further action in the matter. The justice rendered judgment in favor of Wiard for the sum of $41.75. After the judgment was rendered, Kelly's counsel gave notice of an appeal from the judgment. The justice allowed Kelly two days to procure a bondsman, with stay of execution, but he never took any further steps to complete the appeal.

Several days before the 28th of June, Kelly's counsel applied to Wiard's counsel, asking for a continuance of the latter's suit, which Wiard's counsel refused to consent to, but offered to try the case any day prior to June 28th, which Kelly's counsel refused to do.

At the time Wiard brought his suit against Kelly he well knew and understood that his bill of work was to be applied in part payment of the order, and that if his entire bill was allowed he would then be in debt to Kelly; and it is found that Kelly was not indebted to Wiard when the latter brought his suit, but that Wiard was indebted to Kelly.

The defendant claimed that upon the facts the plaintiff had adequate remedy at law, and could not maintain this action. The court so ruled, and rendered judgment for the defendant. The plaintiff brought the record before this court by a motion in error.

*H. C. Baldwin*, for the plaintiff.

1. Courts of chancery have power to enjoin against the enforcement of a judgment at law, when by reason of any equitable circumstances affecting the judgment it is against conscience for the judgment creditor to enforce it. 2 Story Eq. Jur., §§ 874 to 879; *Sheffield* v. *Duchess of Buckingham*, 1 Atk., 630; 2 Swift Dig., 138; *Carrington* v. *Holabird*, 19 Conn., 88; *Pearce* v. *Olney*, 20 id., 553; *Stanton* v. *Embry*, 46 id., 65, 595.

2. The court clearly erred in dismissing the complaint on the ground of adequate remedy at law, as the distinction between courts of law and of equity is abolished by the Practice Act, sec. 6.

*J. O'Neil*, for the defendant.

1. It is a well settled rule that equity will not interfere to set aside a judgment in an action at law, or grant a new trial, however unjust the judgment or great the hardship, unless the judgment was obtained by fraud, accident, or mistake, unconnected with any negligence or inattention on

the part of the judgment debtor. 2 Story Eq. Jur., §§ 887, 895a, 1575; *Day* v. *Welles,* 31 Conn., 344; *Stanton* v. *Embry,* 46 id., 65, 595; *Luckenbach* v. *Anderson,* 47 Penn. St., 123. It is not sufficient to show that injustice has been done. It is more important that an end should be put to litigation than that justice should be done in every case. A bill for a new trial is watched by equity with extreme jealousy. 2 Story Eq. Jur., § 896. It seems to be conclusively settled that a judgment can only be impeached in a court of equity by reason of fraud in its concoction, and this fraud must have been practiced in the very act of obtaining the judgment, or else it will be concluded by the judgment at law. 2 Story Eq. Jur., § 1575. To set aside a judgment for fraud there must have been allegations designed and intended to mislead, with knowledge of their falsity, resulting in damaging deception. *State of Michigan* v. *Phœnix Bank,* 33 N. York, 9; *Hunt* v. *Hunt,* 72 id., 217.

2. There is nothing in the case to commend the plaintiff to the favorable consideration of the court. He had full remedy at law by an appeal from the defendant's judgment; or he might have filed a bill of exceptions and brought a writ of error. He availed himself of neither of these remedies. He had previously rejected the defendant's offer to try the case before the Naugatuck justice at an earlier day and at a convenient hour. There was no wrong done him by the defendant's suing him. The latter was not bound to submit the question as to the value of his labor to the Bridgeport justice. That justice had no right to pass upon the matter at all, as the defendant did not set it up in his plea; the whole question there was as to the plaintiff's claim.

3. The Bridgeport justice having no right to consider the matter of the defendant's account, the court should not regard his allowance of $18.50 as decisive of the defendant's rights, but should allow the judgment of the Naugatuck justice to stand, for whatever above that sum is really due the defendant. *Goodsell* v. *Olmstead,* 42 Conn., 354.

CARPENTER, J.   The plaintiff had an undisputed demand against the defendant.   The defendant had a smaller demand against the plaintiff, the amount of which was in dispute; but whatever it was, the parties had agreed that it should be applied in reduction of the plaintiff's demand, so that the defendant had no claim which could be collected in cash, or which could form the basis of a judgment unless the plaintiff failed to carry out his agreement.   In this state of things, the plaintiff brought a suit returnable at a reasonable hour before a court of competent jurisdiction.   The defendant, well knowing that he had no cause of action, but apparently for the purpose of annoying and vexing the plaintiff, brought an action against him returnable before a justice of the peace in a distant town, at six o'clock in the morning of the same day.   The plaintiff did not appear in person.   His counsel appeared, but being unsuccessful in a plea of abatement, and the justice refusing to adjourn, judgment was rendered against him for a larger sum than the defendant's services amounted to.   Later in the day the defendant appeared to defend the suit brought against him, and had ample opportunity to be heard.   Judgment was rendered against him for the balance after deducting for his services the amount which the plaintiff admitted to be due.

The defendant attempted to collect his judgment, and this action is brought to restrain him.   The court below found the facts and rendered judgment for the defendant on the ground that the plaintiff had adequate remedy at law.   The case comes up on a motion in error.

The judgment cannot rest on that ground.   If there is now adequate remedy at law, it was the duty of the court to enforce it in this action.   Practice Act, sec. 6.   But we are unable to see how the plaintiff has any remedy except by an equitable action to set aside an obviously unjust judgment.   But we think the court intended to hold that he is not now entitled to that remedy, because he had had an opportunity to defend and to appeal, if need be, and had neglected it; and that is the ground on which counsel at-

tempt to vindicate the judgment in this court. If the plaintiff did unreasonably neglect the matter before the Naugatuck justice, he must abide the consequences.

It is impossible to look at this record without being convinced that in the matter of reasonableness of conduct the plaintiff has a decided advantage over the defendant. He had a just claim and presumptively a suit was necessary to collect it. In that suit every matter in dispute between the parties might have been judicially determined. The defendant had no cause of action against the plaintiff, but brought a suit obviously for no purpose but to annoy him. We are clearly of the opinion that that was an unreasonable and vexatious use of legal process which ought not to be tolerated.

The plaintiff brought his action June 9th, returnable June 28th, at nine o'clock in the forenoon at Bridgeport. The defendant brought his action June 21st, returnable June 28th, at six o'clock in the morning at Naugatuck. If the defendant had simply desired that his suit should be heard at an earlier day, he had ample opportunity, as there were many days before June 28th on which the writ might have been returned and at a suitable hour. The animus of fixing it the same day and at that unusual hour cannot be mistaken.

But it is said that the plaintiff had an opportunity to try the defendant's case at an earlier day, and refused. Our answer is that he was not bound to accept that proposition. His own suit would settle the whole controversy—the defendant's would not; and he ought not to be compelled to litigate the same matter twice.

But it is said that the plaintiff might have appealed and thereby have vacated the defendant's judgment. That is doubtless so; but that does not reach the vice of the transaction. It was still necessary for him or his attorney to be in Naugatuck at that early hour, and for him or some one to give bonds for him to be there within the two days allowed for that purpose by the justice; and in addition to that to be involved in expensive and protracted litigation in order to defeat an unjust suit.

Kelly v. Wiard.

That he was not there in person at the hour named is not laches. He could not attend to both cases, and had a right to give his own the preference. He caused counsel to be there, and had a right to assume either that the suit would abate or that the justice would adjourn. It may be that the plaintiff might have resorted to a better remedy, but we are not disposed to scrutinize his conduct in that respect very closely, as we do not think that the defendant, after having resorted to such questionable practices himself, is exactly in a condition to criticise the choice of the plaintiff. Conceding that he was negligent to some extent in not prosecuting his appeal, yet we do not think that there was such a degree of negligence under the circumstances as ought to deprive him of his remedy.

It is suggested that the defendant's judgment is not wholly unjust, as his services were worth more than the sum allowed by the plaintiff, though the court has found that they were worth less than the amount claimed by himself. Whatever loss the defendant may sustain in that respect is attributable to his own folly rather than to the fault or misconduct of the plaintiff. He had a full opportunity to be heard before the justice in the plaintiff's suit as to the value of his work, if he had chosen to avail himself of it, as well as a right of appeal. If either party must suffer, it is right that the loss should fall on the defendant.

It is said that equity will not ordinarily interfere to set aside a judgment except upon the ground of fraud, accident or mistake. The rule, if applicable, will not aid the defendant. Here are two judgments embracing the same subject matter. Both cannot stand without gross and palpable injustice. One was fairly obtained, both parties having had a reasonable opportunity to be heard; the other, the one against the plaintiff, was unfairly obtained, the plaintiff not having had his day in court. That result was evidently designed by the defendant. The circumstances are more than equivalent to accident or mistake; they bring the case very nearly, if not quite, within the domain of fraud.

Vol. xlix—57.

The judgment of the court below was manifestly erroneous.

In this opinion the other judges concurred.