# KENT COUNTY.

ETHEL D. MURRAY, Appellant, by her next friend, *vs.* EMMA A. BARBER.

A petition to a court of probate for leave to adopt a child charged that the father had wilfully deserted the child, and had neglected to provide for it for more than a year. A next friend was appointed, and the petition was granted with the consent of this next friend. Thereupon an appeal was taken to this court by the father for the child as its next friend, under Pub. Stat. R. I. cap. 164, § 9.

*Held,* that the appeal was properly taken.

*Held,* further, that this court might dismiss the father as next friend, if shown to be unfit; a "next friend" being an officer of the court.

APPEAL from the Court of Probate of the Town of Warwick. On the appellee's motion to dismiss the appeal.

*Providence, April* 13, 1889. PER CURIAM. This is a petition for leave to adopt a child, originally preferred, under Pub. Stat. R. I. cap. 164, to the Court of Probate of the town of Warwick, and brought to this court by appeal from a decree of said probate court sanctioning the adoption. It is alleged in the petition and found by the decree that the father of the child had wilfully deserted the child, and neglected to provide proper care and maintenance for her, for more than one year next before the preferring of the petition, wherefore a next friend was appointed, who con-

sented to the adoption. The appeal was taken by the father for the child as her next friend under section 9 of chapter 164, which provides that " any child made the subject of such a petition may, by a next friend, appeal, . . . but no bond shall be required or costs awarded against such child or next friend." The appellee moves that the appeal be dismissed on the ground that it is void.

The contention is that the father had no right to appeal for his child because, being a party to the proceeding by notice given to him, he was entitled to appeal for himself, and also because, having abandoned the child, as alleged in the petition and found by the decree, he was unfit to act as her next friend. We think, however, inasmuch as section 9 confers the right of appeal without limiting the right to act as next friend, a father who has not consented to the adoption, as the father here has not, and who, being the father, is the natural protector of the child, cannot be excluded from the right, unless his relation to the proceeding is such that he cannot consistently act as next friend. We do not think that it is necessarily such, or that it can be presumed to be such without proof, and the allegation of abandonment cannot be regarded as proof, since it may be the very ground of appeal. We do not think his being a party disqualifies him to act as next friend, since his interest as a party is not necessarily antagonistic to that of the child. It may be that, as a matter of legislative policy, it would have been well to deny the father the right to appeal for his child, but the legislature has not done so, and it is for us not to legislate, but simply to construe and adjudge. We think the appeal must stand, subject, however, to the power of the court to dismiss the father as next friend, if shown to be unfit; a next friend being regarded as an officer of the court, removable as such in its discretion. *Watson* v. *Fraser*, 8 M. & W. 660 ; *Arnott* v. *Bleasdale*, 4 Sim. 387 ; *Sinclair* v. *Sinclair*, 13 M. & W. 640 ; *Duckitt* v. *Satchwell*, 12 M. & W. 779. The fact that a next friend may begin suit under our practice, or take an appeal under the statute, without prior appointment, does not, in our opinion, abrogate the court's discretion. *Judson* v. *Blanchard*, 3 Conn. 579 ; *Turner* v. *Patridge*, 3 Penr. & W. Pa. 172 ; *Heft* v. *McGill*, 3 Pa. St. 256, 264.

We do not think the person appointed by the probate court

to act as next friend is necessarily the person to act as such in appealing from the decree, since the decree cannot be made without his consent. *Motion dismissed.*

    *Charles H. Page & Franklin P. Owen,* for appellant.

    *Albert R. Greene,* for appellee.