WILLIAM BRENNAN *vs.* THE BERLIN IRON BRIDGE COMPANY.

Third Judicial District, Bridgeport, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The reversal of a judgment upon which a later one depends, and the grant of a new trial in the former action, render it inequitable that the party in whose favor the dependent judgment was given should plead it in bar or otherwise avail himself of it to defeat the retrial of the original action upon its merits; and an attempt to do this will be restrained by injunction.

Courts of equity possess ample powers to restrain a party from using a judgment in his favor, in an action at law, in such a manner as to give him an unfair advantage and to make the court of law an instrument of injustice.

Argued October 30th—decided December 18th, 1900.

ACTION to set aside a judgment rendered for the plaintiff for nominal damages only, for a new trial, or for other equitable relief, brought to the Superior Court in New Haven County and reserved by that court, *Robinson, J.,* upon demurrer to the complaint, for the consideration and advice of this court. *Judgment advised for plaintiff.*

The plaintiff brought an action to the Superior Court for a personal injury, in which final judgment was rendered for the defendant upon a demurrer to the complaint. The plaintiff then brought a second suit for the same cause of action, and upon a hearing in damages after default, the court overruled the defendant's claim that the first judgment was a bar to the recovery of substantial damages, and rendered judgment for the plaintiff for $3,000 damages. This judgment was reversed upon appeal, upon the ground that the trial court erred in not sustaining the defendant's said claim (*Brennan* v. *Berlin Iron Bridge Co.,* 71 Conn. 479–493), and the case was remanded for the assessment of nominal damages, which were afterwards fixed at $50, and final judgment was rendered for the plaintiff for that sum. The plaintiff thereupon brought a writ of error from the judgment

in the first action, and that judgment has been reversed by this court, the case ordered to be restored to the docket of the Superior Court, the demurrer to be overruled, and the cause to be proceeded with according to law. *Brennan* v. *Berlin Iron Bridge Co.,* 72 Conn. 386–391. In accordance with such order the first case has been restored to the docket, the demurrer overruled, and the defendant has suffered a default and asked for a hearing in damages; and in his notice "as to hearing in damages," filed under the statute and rules of court, has pleaded the final judgment for $50 in the second action as a bar to the recovery in the first action of more than nominal damages.

By the present action, setting forth the above facts, and in which he alleges that the judgment for $50 is unjust, the plaintiff asks that the final judgment in the second action be set aside, and that he be granted a new trial of that case for the purpose of proving that the judgment in the first action has been set aside, and of proving his actual damages; or that he be granted such other relief as he may be entitled to upon the facts stated.

The defendant has demurred to the complaint and to the prayers for relief, and the questions thus raised have been reserved for the advice of this court.

*William Waldo Hyde* and *Seymour C. Loomis,* for the defendant.

*John O'Neill,* with whom was *William Kennedy,* for the plaintiff.

HALL, J. Upon the appeal to this court from the judgment of $3,000 rendered in the second action, we held that the same cause of action was described in that complaint as was described in the complaint in the first action, and that therefore the final judgment in the first action was a bar to the recovery of more than nominal damages in the second.

The effect of the judgment in the writ of error setting aside the erroneous judgment in the first case and remand-

ing it to the Superior Court, was not to put an end to that case, but to grant a new trial. *Judson* v. *Blanchard*, 3 Conn. 579, 587; *Allen* v. *Adams*, 17 id. 67, 74.

The defendant now claims the right upon such new trial to plead the judgment for nominal damages, rendered in the second action, as a bar to the recovery of more than nominal damages in the first. To prevent such use of that judgment by the defendant is the real purpose of the present action.

It is unnecessary to consider whether upon the facts a new trial of the second action might be granted under § 1125 of the General Statutes, since a new trial of the first case has already been ordered, and we see no occasion for having two actions pending at the same time between the same parties for the same cause of action.

If the legal effect of the decision of the writ of error reversing the first judgment is also to set aside the second, the present proceeding is unnecessary; but if the second judgment still remains in force, notwithstanding the reversal of the first, then the defendant, unless restrained in some manner, may use it to prevent the retrial of a case which has been ordered on account of an erroneous judgment therein, although such erroneous judgment was the sole basis of the second judgment thus sought to be used.

In 1 Sw. Dig. s. p. 793, it is said: "If there are several dependent judgments, and the principal one is reversed, the others cannot be supported. As if a man recover in debt upon a judgment, if the first judgment be reversed, the second falls to the ground."

But so long as it does not appear upon the records of the second case that the first judgment, upon which the judgment in the second case depends, has been reversed, an improper use might be made of the second judgment, and especially in a court other than that in which the first judgment was rendered. *Parkhurst* v. *Berdell*, 110 N. Y. 386; *Hawes* v. *Hatheway*, 14 Mass. 233; *Bank of North America* v. *Wheeler*, 28 Conn. 433, 441.

Even if the Superior Court, upon some motion or pleading of the plaintiff upon the retrial of the first case, may,

either by refusing to permit the defendant to plead the judgment in question, or by ordering such defense stricken from the notice, grant to the plaintiff relief, that is not a sufficient reason for dismissing the present action.

If the defendant insists upon attempting to use this judgment in the manner proposed, the question of his right to do so may properly be determined in this equitable action under the prayer for other relief, rather than be left as a matter to be decided upon the retrial of the first action and as a possible ground for another appeal to this court.

Courts of equity possess ample powers to restrain a party from using a judgment in his favor in an action at law in such a manner as would give him an unfair advantage and would make the court of law an instrument of injustice. 2 Sto. Eq. Jur. § 885 ; Freem. on Judgm. § 484a.

The plaintiff could not have procured a reversal of the second judgment by an appeal or writ of error from that judgment, since it was not in itself erroneous, and since upon such an appeal or writ of error it could not have been set aside for error in the first judgment. 1 Sw. Dig. s. p. 791.

After final judgment had been rendered in the second action the proper remedy for the plaintiff, in order to remove the bar which prevented the further prosecution of either action, was to obtain a reversal of the first judgment. *Brennan* v. *Berlin Iron Bridge Co.*, 72 Conn. 386, 389. Having already secured a reversal of the first judgment and the remanding of the first case for a retrial, the plaintiff's failure to appeal from the judgment in the first action, instead of commencing the second, was not such negligence on his part as will now necessarily deprive him of the opportunity of having a trial of the first case. *Kelly* v. *Wiard*, 49 Conn. 443, 449.

It is a general rule that the reversal of an erroneous judgment and the remanding of the case for further proceedings, restores the parties to the same condition in which they were before the erroneous judgment was rendered, so that they may proceed with the case in the trial court in the same manner as if the case had not been tried and decided, except as

to matters not affected by the judgment of reversal. Freem. on Judgm. § 481; *Gleason* v. *Chester*, 1 Day, 152.

To allow the defendant after the reversal of the judgment in the first action to plead the final judgment in the second as a bar to the retrial of the first suit, would practically be to permit him to use, although indirectly, the very erroneous judgment which we have reversed. Such a use by the defendant of that judgment would be inequitable. Neither party should be permitted to avail himself of it as a means of preventing a trial of the first action upon its merits. The defendant may not plead it in his notice, nor the plaintiff receive any benefit from it, nor from the finding of facts made for the purpose of an appeal from the judgment of $3,000. That judgment has also been reversed and that finding of facts has spent its force. *Rose* v. *Brown*, Kirby, 293, 294; *Kashman* v. *Parsons*, 70 Conn. 295, 304.

We advise the Superior Court to overrule the demurrer and to render judgment for the plaintiff, and to grant a permanent injunction restraining the defendant and its attorneys from pleading said judgment for nominal damages or offering the same in evidence upon the retrial of said first action, or from in any manner using the same as a defense or bar to the prosecution or trial of said first action.

No costs will be taxed in this court.

In this opinion the other judges concurred.