## MAC'S CAR CITY, INC. *v.* PELINO S. DILORETO ET AL.
### (13276)

Lavery, Hennessy and Freedman, Js.

Argued January 12—decision released September 26, 1995

*Paul M. Cramer,* with whom, on the brief, was *Vincent F. Sabatini,* for the appellants (defendants).

*Michael P. Barry,* for the appellee (plaintiff).

HENNESSY, J. The defendants, Pelino S. DiLoreto and Joanne DiLoreto,[1] appeal from the final judgment

---

[1] This action to foreclose on a judgment lien was initially brought against Pelino S. DiLoreto, Joanne DiLoreto, and a number of other parties having

of foreclosure of a judgment lien rendered on January 31, 1994. The defendants claim that the trial court improperly found that the judgment lien perfected an interest secured by an attachment filed on June 6, 1980. We agree and reverse the judgment of the trial court.

This appeal arises out of more than fifteen years of litigation commencing with a contract action filed by the plaintiff against Pelino S. DiLoreto on June 6, 1980. At the time the action was filed, the plaintiff obtained an ex parte prejudgment attachment of Pelino S. DiLoreto's interest in real property located at 136 Apple Hill, Wethersfield. The property was owned by Pelino S. DiLoreto and his wife, Joanne DiLoreto, at the time of the attachment in 1980. On February 27, 1984, Pelino S. DiLoreto quitclaimed his interest in the property at 136 Apple Hill to his wife, making Joanne DiLoreto the sole owner of the property.

On March 31, 1984, following trial, the court rendered judgment in favor of the plaintiff. The plaintiff took no action to preserve the interest secured by the prejudgment attachment. Pelino S. DiLoreto appealed, and, on September 22, 1987, this court reversed the judgment of the trial court on evidentiary grounds and remanded the case for a new trial. *Mac's Car City, Inc.* v. *DiLoreto*, 12 Conn. App. 468, 471–77, 531 A.2d 177 (1987).

On July 16, 1990, following a second trial, judgment was rendered in favor of the plaintiff. Pelino S. DiLoreto timely appealed to this court. On October 2, 1990, the plaintiff, for the first time, filed a certificate of judgment lien on the property at 136 Apple Hill. Thereafter, on May 28, 1991, this court affirmed the judgment of the trial court. *Mac's Car City, Inc.* v. *DiLoreto*, 24 Conn. App. 839, 591 A.2d 831, cert. denied, 220 Conn. 903, 593

interests in the property that was subject to the lien. This appeal is brought solely by the DiLoretos. We will refer to them in this opinion as the defendants.

A.2d 968 (1991). On August 7, 1991, the plaintiff filed the present action, seeking to foreclose on the judgment lien. The plaintiff filed a motion for summary judgment, which was granted by the trial court on April 8, 1993.[2] The final judgment of foreclosure was rendered by the trial court on January 31, 1994.

This appeal turns on the application of General Statutes § 52-328 (b), which provides: "No real estate that has been attached may be held subject to the attachment to respond to the judgment obtained in the suit, either against the debtor or any other creditor, unless the judgment creditor places a judgment lien on the real estate within four months after a final judgment." The defendants argue that the trial court's judgment of March 31, 1984, constituted a final judgment within the terms of § 52-328 (b) and, therefore, that the attachment was dissolved by operation of law when the plaintiff failed to file a judgment lien within four months of that date.

In granting summary judgment for the plaintiff, the trial court found that the prejudgment attachment filed on June 6, 1980, survived the September 22, 1987 reversal and remand order. The trial court reasoned that this court's reversal of the trial court's judgment acted only to restore the parties to the position in which they had been prior to trial without resolving the issues between them. The trial court concluded that this restoration of the status quo precluded a finding that the attachment had been dissolved at any point during the appeal.

The reasoning of the trial court is consistent with the general rule. When "on appeal a [trial court] judgment is set aside, its effect is destroyed, and the parties are in the same condition as before it was rendered. The

---

[2] On April 21, 1993, the defendants appealed from the trial court's granting of summary judgment. The appeal was dismissed as premature. *Mac's Car City, Inc.* v. *DiLoreto*, 33 Conn. App. 131, 634 A.2d 1187 (1993).

case remains on the docket of the trial court and when it goes back it is the same case and stands upon the court or jury docket just as it did before the appeal." W. Maltbie, Connecticut Appellate Procedure (1957) § 345; see *Reilly* v. *State*, 119 Conn. 217, 221, 175 A. 582 (1934); *Brennan* v. *Berlin Iron Bridge Co.*, 73 Conn. 412, 413–14, 47 A. 668 (1900).

Prejudgment attachments, however, are outside the scope of this general rule. A plaintiff must perfect a prejudgment attachment by filing a judgment lien within four months of the trial court's final judgment or the plaintiff loses the benefit of the attachment. *City National Bank* v. *Stoeckel*, 103 Conn. 732, 738–39, 132 A. 20 (1926).[3] The pendency of an appeal from the final judgment of the trial court does not stay the time for filing a judgment lien. Id. Although the *Stoeckel* court explained that if an appeal results in a reversal of the trial court's judgment the certificate of judgment lien "would be, of course, nugatory," it clearly stated that a prevailing plaintiff who desires to have the advantage of his attachment *must* file a certificate of judgment lien within the statutory period regardless of the pendency of an appeal. Id. The rationale behind this rule, as explained in *Stoeckel* by Justice Maltbie, is that subsequent parties obtaining an interest in the attached property should be able to rely on the plaintiff's failure to

---

[3] *Stoeckel* turned on the application of General Statutes (1918 Rev.) § 5233, a precursor to General Statutes § 52-380a (b), which provides in relevant part: "If, within four months of judgment, the lien is placed on real property which was previously attached in the action, the lien on that property shall hold from the date of attachment . . . ." Our application of *Stoeckel* to the interpretation of § 52-328 (b), which controls the duration of attachment liens after judgment, reflects the fact that § 52-328 (b) and § 52-380a (b) operate together to provide a four month period after judgment in which to perfect a prejudgment attachment of real property and that after the four month period an unperfected attachment is dissolved, thereby allowing new parties to obtain interests in the property free of the unperfected attachment.

file a judgment lien and to obtain their interest free of the unperfected attachment. Id., 739.[4]

In *Stoeckel*, our Supreme Court explicitly held that if a judgment lien is not filed within the statutory period following a final judgment of the trial court, that judgment lien cannot be found to perfect a prejudgment attachment. Id., 738–39. Following *Stoeckel*, we hold in this case that the plaintiff's failure to file a certificate of judgment lien within four months of the trial court's final judgment of March 31, 1984, precluded the plaintiff's subsequent filing of a judgment lien to perfect the attachment. We note, however, that even though the judgment lien filed on October 2, 1990, does not perfect an interest secured by the attachment of June 6, 1980, the judgment lien is not necessarily invalid. The filing of an attachment is not a prerequisite to a valid judgment lien. From the time a certificate of judgment lien is recorded on the land records "the money judgment [is] a lien on the judgment debtor's interest in the real property described [in the judgment lien]." General Statutes § 52-380a (b). The defendants maintain that at the time of the recording of the certificate of judgment lien, Pelino S. DiLoreto, the judgment debtor, had no interest in the property described in the certificate. Only if that is in fact the case is the judgment lien invalid.

The judgment is reversed as to the determination of the validity of the prior attachment and the case is

[4] In *Allen* v. *Adams*, 17 Conn. 67, 76–77 (1845), a case factually similar to the case at hand, our Supreme Court applied the general rule that a reversal by an appellate court restores the parties to the position that they were in prior to the final judgment of the trial court, and held that a prejudgment attachment survived the appeal. As the effect of *Stoeckel* is to contradict the holding of *Allen* in application to prejudgment attachments, we find that *Allen* is no longer controlling in cases involving attachments, although it continues to enunciate the general rule for other situations. See, e.g., *Osterlund* v. *State*, 135 Conn. 498, 501, 66 A.2d 383 (1949); *Reilly* v. *State*, supra, 119 Conn. 221; *Brennan* v. *Berlin Iron Bridge Co.*, supra, 73 Conn. 413–14.

remanded for a determination of the validity of the judgment lien.

In this opinion FREEDMAN, J., concurred.

LAVERY, J., dissenting. I respectfully dissent from the majority opinion. I agree with the trial court that a judgment lien filed after the second trial, which was necessitated by a reversal by this court of the judgment rendered following the first trial, related back to the attachment filed before the first trial. The defendants' position and that of the majority is that because the plaintiff did not file a judgment lien after the original judgment, which was appealed, the judgment lien filed after the second trial could not relate back to the attachment filed at the commencement of the action. The majority based its decision on *City National Bank* v. *Stoeckel*, 103 Conn. 732, 738–39, 132 A. 20 (1926). The Supreme Court has held with two exceptions, *Mulholland* v. *Mulholland*, 229 Conn. 643, 643 A.2d 246 (1994), and *Cologne* v. *Westfarms Associates*, 197 Conn. 141, 496 A.2d 476 (1985), both involving public policy and the contempt power of the trial court, that the reversal of a trial court's judgment by an appellate tribunal renders that court's judgment void and without effect. *Reilly* v. *State*, 119 Conn. 217, 220–21, 175 A. 582 (1934); *Brennan* v. *Berlin Iron Bridge Co.*, 73 Conn. 412, 415–16, 47 A. 668 (1900); *Woodruff* v. *Bacon*, 35 Conn. 97, 102 (1868); *Allen* v. *Adams*, 17 Conn. 67, 73 (1845). In *Allen* the Supreme Court stated: "Now, it is very clear, that, when that judgment was reversed, it ceased to be a judgment of any description, because the effect of such reversal was wholly to vacate and annul it. This is plain from the nature of the proceeding and the form of the entry of a judgment of reversal. Legally speaking, therefore, the judgment so reversed has now no existence. In legal contemplation, it is annihilated, and it is as if it had never been rendered." *Allen* v. *Adams*, supra, 73.

The majority holds in a footnote that, "[a]s the effect of *Stoeckel* is to contradict the holding of *Allen* in application to prejudgment attachments, we find that *Allen* is no longer controlling in cases involving attachments, although it continues to enunciate the general rule for other situations." *City National Bank* v. *Stoeckel*, supra, 103 Conn. 732, did not overrule *Allen* v. *Adams*, supra, 17 Conn. 67. In *Stoeckel*, the Supreme Court stated: "The prevailing plaintiff, who desires to have the advantage of his attachment, to be safe, need only file his certificate within four months of the rendition of the judgment in the trial court; *if an appeal is taken and the case reversed, that certificate would be, of course, nugatory*, as pointed out in *Allen* v. *Adams*, [supra, 74]; but should he prevail again in the trial, he has to but file a new certificate . . . ." (Emphasis added.) *City National Bank* v. *Stoeckel*, supra, 739. There is a distinct factual difference between *Stoeckel*, on the one hand, and *Allen* and the present case, on the other. In *Stoeckel*, the plaintiff was successful on appeal and the judgment was affirmed. In the present case and in *Allen*, the first judgment for the plaintiff was reversed and the case remanded for a new trial. If a judgment lien had been filed after the first trial, it would have been "nugatory." It is my position that *Stoeckel* did not overrule *Allen* but is distinguishable from it. *Allen* had a factual situation analogous to that in this case. *Allen* involved an attachment of personal property in which the judgment for the plaintiff on the first trial was reversed. When no lien on the property was filed within sixty days of the first judgment and when asked to determine whether the lien created by the statute should be discharged, the Supreme Court stated: "The reasons are obvious why bail or property should be exonerated by a judgment in favour of the defendant, although it may afterwards be set aside; but it is difficult to perceive why a plaintiff should be held to have lost the security

acquired by his attachment in a suit, merely by having a judgment rendered in his favour and subsequently reversed, when the action may be re-tried, and on such retrial, he may succeed in obtaining another judgment which shall be valid. The legal and proper effect of the reversal of the judgment being to extinguish and annul it, and thus wholly to deprive it of any force or effect, it certainly should require some very cogent reasons to show, that it was the judgment intended by the statute relied on; especially, as such a construction of it would strip the plaintiff in that suit, without any default on his part, and even after judgment rendered in his favour, of the security obtained by his attachment in the suit. No such reasons have been advanced. That judgment was not an effective one, because it was not available at all to the plaintiff. It was not only voidable, but actually avoided. To hold that a judgment for the plaintiff, which could not be made effectual for the purpose of appropriating the property attached for his benefit, shall be treated as the final judgment contemplated by that statute, would be a palpable perversion of its object and meaning." *Allen* v. *Adams*, supra, 77. I agree with the reasoning in the *Allen* case and would apply it to the case here.

Practice Book § 4009 provides twenty days in which to file an appeal after the rendition of judgment. Practice Book § 4046 provides in pertinent part: "In all actions, except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause; and, if the case goes to judgment on appeal, until ten days after the decision is announced . . . ."

It may be argued that a proceeding contemplated by § 4046 is the foreclosure of the judgment lien, not the filing of the judgment lien. Common sense and simplic-

ity o'f procedure, however, should prevail and the time for filing of a judgment lien after a judgment is rendered should be part of what is stayed under Practice Book § 4046.

I would sustain the judgment of the trial court and find that once a judgment of money damages is reversed on appeal and a new judgment is rendered and sustained on appeal, the plaintiff has four months from the sustaining of the second judgment on appeal to file a judgment lien pursuant to General Statutes § 52-328 (b),[1] and that such a judgment lien would relate back to the attachment filed at the commencement of the action.

I respectfully dissent.

---

[1] General Statutes § 52-328 (b) provides: "No real estate that has been attached may be held subject to the attachment to respond to the judgment obtained in the suit, either against the debtor or any other creditor, unless the judgment creditor places a judgment lien on the real estate within four months after a final judgment."