[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PROTECTIVE ORDER (#111)
The defendant's motion for a protective order (#111) pursuant to General Statutes § 52-400a is denied. The defendant admits that the amount of $1,184.01 remains unpaid on the March 13, 1989 stipulated judgment. Affidavit of Dorothy Smulley, ¶¶ 10 and 15. In accordance with General Statutes § 52-380a, the plaintiff filed a certificate of judgment lien on the defendant's real property on February 26, 1997, to secure the unpaid amount of that judgment. The result of the plaintiff's failure to file the judgment lien within four months of the judgment, as required by General Statutes §§ 52-328 (b) and 52-380a (b), is that the judgment lien does not relate back, for purposes of priority, to the earlier prejudgment attachment. Mac's Car City, Inc. v.DiLoreto, 238 Conn. 172, 173, 679 A.2d 340 (1996). Therefore, although the prejudgment attachment may have been extinguished pursuant to General Statutes § 52-380c as a result of the plaintiff's failure to file a judgment lien within four months of the judgment, "the judgment lien is not necessarily invalid. The filing of an attachment is not a prerequisite to a valid judgment lien." Mac's Car City, Inc. v. DiLoreto, 39 Conn. App. 518, 522,664 A.2d 1181 (1995), aff'd, 238 Conn. 172, 679 A.2d 340 (1996). Furthermore, although the plaintiff may have-overstated the CT Page 7575 unpaid amount of the judgment in the certificate of judgment lien, the plaintiff filed a release of that judgment lien on April 14, 1997. Accordingly, the defendant has failed to establish that the plaintiff "engaged in any illegal levy or in any other practices for the purpose of collecting his judgment which violate state or federal law." General Statutes §52-400a (b). Therefore, the defendant's motion for a protective order is denied.
HICKEY, J.