ANDREWS et al. v. THUM et al.

(Circuit Court of Appeals, First Circuit.   January 23, 1896.)

No. 89.

APPEAL—REVERSAL OF DECREE—ORDER OF RESTITUTION.
  Restitution of money paid under an erroneous decree will not be directed
by the appellate court, where the interests of the parties defendant are, or
may be, diverse, except, possibly, in a very plain case; but leave will be
reserved in the mandate to present a petition for restitution to the court
below.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a bill in equity by Otto and William Thum against John A. Andrews, William Y. Wadleigh, B. F. Bullard, and William A. Dole, trading under the name of John A. Andrews & Co., for alleged infringement of letters patent No. 278,294, issued May 22, 1883, and No. 305,118 issued September 16, 1884, both to Otto Thum, for improvements in fly paper. The suit was defended in behalf of John A. Andrews & Co. by John W. F. and Benjamin F. B. Willson, who were the manufacturers of the alleged infringing goods, which were sold by defendants. A decision was rendered sustaining the patent, and adjudging infringement (53 Fed. 84), and, on February 7, 1893, an interlocutory decree was accordingly entered in favor of complainants. The time for taking an appeal from this decree was allowed to expire, and it became necessary to ascertain the money damages before a final decree could be entered, and an appeal taken therefrom. Defendants, being thereupon advised that the result of an accounting might be a final decree against them for a large sum, employed counsel, and authorized him to agree, in their behalf, that a final decree should be entered against them in the sum of $2,500, and such a decree was accordingly entered on May 13, 1893. Thereafter the amount of this decree was actually paid in full by John A. Andrews & Co., and satisfaction of judgment for that amount was entered. Subsequently the manufacturers were allowed to appeal in the name of the defendants. A petition to dismiss the appeal was denied by this court. 12 C. C. A. 77, 64 Fed. 149. The case being afterwards heard on the merits of the appeal, a decree was entered reversing the decree below, on the ground that the patents were void for want of invention, with directions to dismiss the bill. 15 C. C. A. 67, 67 Fed. 911. Afterwards a rehearing was allowed, but the court, on June 11, 1895, refused to modify its previous decree. 16 C. C. A. 677, 70 Fed. 65. Thereupon John A. Andrews & Co. filed a petition in this court, in respect to the form of mandate, asking that a provision be made therein requiring the complainants to make restitution of the $2,500 paid by them under the erroneous decree, and the question thus raised was fully argued.

John M. Perkins, for appellants.

Walter B. Grant, for appellees.

Frederick P. Fish and William K. Richardson, for petitioner.

Before COLT, Circuit Judge, and WEBB and ALDRICH, District Judges.

PER CURIAM.   Whether restitution should be made of money paid in the progress of judicial procedure, where the interests of the parties defendant are or may be diverse, depends, oftentimes, on a question of fact.   Perhaps a case might be so plain as to warrant this court in directing restitution in the court below, but this is not such a case.   This application should be made to the circuit court.   We do not, in the present hearing, pass upon any question

relating to the merits of such application. The judgment already entered in this cause is amended to read as follows; The decree of the circuit court is reversed, and the case remanded, with directions to dismiss the bill with costs. This court reserves to the defendants, John A. Andrews et al., liberty to file in the circuit court a petition for restitution of the sum paid by them to the complainants under the decree of the said circuit court of May 13, 1893, or to adopt other appropriate methods for presenting their claim for restitution, and to proceed thereon as that court may determine.