[No. 7534.]

Colorado and Southern Railway Co. v. The People.

The State—*Private Aciton By—Intervention—Intervenor's Right to a Writ of Error*—The state cannot be made defendant in an action, without its consent; but where the state voluntarily sues in its own courts, a private person claiming to be entitled to the fund which is the subject of the action, may intervene therein, and if defeated may prosecute a writ of error to review the judgment.

*Error to Denver District Court.*—Hon. H. C. Riddle, Judge.

Mr. E. E. Whitted, for plaintiff in error.

Hon. Benjamin Griffith, attorney general, for Mr. Archibald A. Lee, deputy attorney general, for the people.

Mr. Justice Musser delivered the opinion of the court:

The state of Colorado, through its attorney general, brought an action against James Cowie, a former secretary of state, and a surety on his official bond to recover a sum of money that had been paid by various corporations to the secretary, under the provisions of an act of 1903, for the annual license tax imposed by the Revenue Act of 1902, (Sess.

Laws, 1902, p. 73, secs. 64, 65). The corporations, claiming that the act imposing the tax was unconstitutional, paid it under protest to avoid the penalties prescribed in section 66 of the act.

The Colorado and Southern Railway Company, a domestic corporation, intervened in the action, claiming that it had paid $960.00 of the money to the secretary, under protest, for the annual tax for 1905; that it was paid involuntarily to avoid the penalties prescribed; that, for various reasons alleged, the law imposing the tax was unconstitutional and void and asked that the secretary be directed to repay the money to the company. It is claimed that the petition shows that the money was at all times kept by the secretary as an identified fund. A motion to strike the petition in intervention from the files, on the ground that the company had no right to intervene, was denied, and, thereafter, a demurrer to the petition was sustained and it was dismissed. The case was tried and a judgment, which included the $960.00 in question, was rendered in favor of the state and against the defendants.

The defendants are not here complaining of the judgment against them. In fact, as is said in the brief, the amount of the judgment was paid into court and the money claimed by the company is now there awaiting the final disposition of this writ of error, the only purpose of which must be confined to a review of the action of the court in sustaining the demurrer and dismissing the petition. The attorney general has moved to dismiss the writ of error on the ground that the writ is a new suit, and can not be maintained against the state, and that the company had no right to intervene. It is conceded that a suit can not be maintained against the state without its consent. It is also conceded that if the state voluntarily goes into its own courts and obtains a judgment against a defendant, that defendant may review the judgment by a writ of error, for the state by beginning the action consents thereto. For the same reason also it must be conceded that if the company had the right to intervene, it also had the right

to a writ of error to review the adverse judgment of the court on the intervention. The attorney general takes the broad position that the company, under no circumstances, had the right to intervene in the action between the state and the secretary. It is claimed by the company that the secretary at all times after its payment, retained the money paid by this company and the others under duress and protest, in an identified fund, ready to pay it out to whomsoever was entitled to receive it, and that he so held it at the time the state began the action, and at the time the petition in intervention was filed. If it so appeared in the record or the petition in intervention at the time of the ruling on the demurrer, it then appeared that the subject matter of the action was this fund, and the state had gone into its own courts to litigate the right thereto. The right of a claimant to such a fund to intervene in an action brought by a private party cannot be denied. The state, in bringing the action, invited the litigation of all rights with respect to that fund. In *State v. Exec'r. of Buttels,* 3 Ohio State 309, it was said:

"When she (the state) appears as a suitor in her courts, to enforce her rights of property she comes shorn of her attributes of sovereignty, and as a body politic, capable of contracting, suing, and holding property, is subject to those rules of justice and right, which, in her sovereign character, she has prescribed for the government of her people."

See also:

*State etc. v. Washington County,* 101 Ind 69; *State v. The Pacific G. Co.,* 22 S. C. 50.

It may be that the statement of the Ohio court is too broad. For the purposes of this case, it is sufficient to leave the matter as stated in *Moore v. Tate,* 87 Tenn. 725, wherein it was said:

"It is true that when the state voluntarily places itself in the position of a suitor, whether in its own courts or in those of a sister state, it will be held to have laid aside its sovereignty, and to have taken on the garb of an ordinary suitor, so

far as concerns all proper matters of adjudication growing out of the cause of action sued on," etc.

The motion to dismiss is, therefore, overruled, and the attorney general is given sixty days within which to file a brief on the matter here for review.

Decision *en banc*.