# CHARLESTON

STATE v. KING *et als.*

Submitted February 23, 1915.   Decided March 16, 1915.

1. PUBLIC LANDS—*Forfeited School Lands—Money for Redemption—Restitution.*

    Money paid into court for redemption of forfeited land, under a decree which is subsequently reversed, should be refunded to the person by whom it was paid, by way of restitution. (p. 12).

2. STATES—"*Suit Against State*"—*Suit for Redemption Money.*

    A petition filed in the suit, praying the return of such money by way of credit on the amount due for redemption of part of the tract of land on account of which it was paid, under a subsequent decree, is not a suit against the state, the money never having been disposed of in any manner by order of the court. (p. 12).

3. PUBLIC LANDS—*Forfeited Land—Recovery of Redemption Money.*

    But it is to be allowed or returned without interest, unless it has been loaned, pending the proceedings, and produced interest. (p. 13).

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Marion County.

Suit by the State against Henry C. King and others. From a decree for plaintiff, the defendant named appeals.

*Reversed and remanded.*

*M. F. Stiles,* for appellant.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

POFFENBARGER, JUDGE:

Having been denied credit on the money due from him to the state, as the purchase price of certain portions of the Robert Morris grant, for the sum of $2198.65, paid into the court, under the decree made and entered in the cause of the *State* v. *King,* on the 30th day of September, 1897, which was partially reversed by this court on appeal, King has appealed from the decree refusing to allow him such credit.

Under the decree of September 30, 1897, King paid $3090.08. On appeal to this court the decree was reversed, except in so far as it recognized his right to redeem the land by proper proceedings in accordance with the statute. This affirmed King's right, as against the State, to redeem the land, but not as against the superior rights of others. Long after the cause was remanded and the greater part of the immense tract of land had been dismissed out of the suit, as being held under superior rights, King was permitted to redeem certain portions thereof. Having such right as to six tracts, he elected to let them be sold and purchased them at the price of $6400.00, paying $1600.00 in cash and filing a petition asking credit on the balance for the amount he had paid in, under the decree of 1897, as for taxes and interest thereon. Of this $3090.08, so paid, $891.43 had been disbursed by the court as cost, leaving a balance of $2198.65, the amount paid in on account of taxes and interest. It does not appear that any disposition has ever been made of said sum. The report of a commissioner to whom an inquiry was referred, after the filing of King's petition for credit, says "the residue was held for the benefit of the school fund, or to be applied as money paid in redemption of land is subject to be applied."

Neither this court, on reversal of the decree, nor the lower court, after the cause was remanded, ever ordered the money to be returned to King, nor did he request return thereof. All of the parties, as well as the court, must have assumed his right to credit therefor on the redemption money of any land he should ultimately prove himself entitled to redeem. His right to such credit is resisted upon two grounds, (1), that his claim therefor is virtually a suit against the State, and

(2), that presumptively the money has been distributed in part to the counties and districts in which portions of the land lie.

As the state herself is plaintiff in the cause and has virtually sued King, it is very difficult to see how his counterclaim can be regarded as a suit against the state. The money was paid into court, not to the commissioner of the school lands, agreeably to the provisions of sec. 17, ch. 105, Code, serial sec. 4449, and could only be disbursed upon the order of the court. According to the commissioner's report, it has never been disbursed. It remains in the custody of the court to be disposed of according to the rights of the parties. On the reversal of King's decree of redemption under which it was paid, the principle of restitution applicable under such circumstances required an order returning it to him, and as that order has never been made, it ought to be made now. The fund, therefore, is not in the hands of the state and King's claim thereto is not a claim against the state. It is a claim to a fund in the hands of the court, which the court has the right and power to award to the person to whom it belongs. What has been said respecting the first ground of resistance fully disposes of the second. Any presumption of distribution that might arise from lapse of time, is negatived by the facts shown. The money is still in the hands of the court and subject to its power to make restitution.

On the refusal of the relief asked for in his petition, and after having excepted to the decree or order refusing him such relief, King paid the $4800.00 into court under protest, and obtained this appeal. Having preserved his right by his protest and exception, he is clearly entitled to a decree directing payment to him of the sum of $2198.65, but no ground is perceived upon which he may claim interest on said sum from the date of the payment thereof, or the date of the reversal of the decree under which it was paid. He has voluntarily permitted it to remain in the hands of the court, and it does not appear in any way to have earned any interest. If it has not been loaned out and caused to earn interest, the fault is as much his as that of the court. Whether it has been loaned or earned any interest does not appear. If it has, he is entitled to such interest as it has made, but no more.

In so far as the decree complained of denies King's right to the sum of $2198.65, it will be reversed and the cause remanded with direction to enter a decree awarding to him said sum, together with the interest it has produced, if any. He is also entitled to his costs in and about this appeal, out of any money in the hands of the court, derived from his redemption or purchase of lands within the Robert Morris patent proceeded against in this cause.

*Reversed and remanded.*