# CHARLESTON.

## STATE v. MOORE *et als.*

Submitted November 23, 1915.    Decided December 7, 1915.

1. PUBLIC LANDS—*School Lands—Suit by State.*
   In a suit by the State, pursuant to chapter 105, of the Code, to sell for the benefit of the school fund land claimed by defendants, section 13, of said chapter, provides that the costs thereof as taxed by the clerk ''shall be paid out of the proceeds of the sale of said real estate, and not otherwise'', and the court has no jurisdiction where there has been no misconduct or abuse of the process of the court by defendants to adjudge such costs or any part thereof against them.  (p. 326).

2. REVIEW—*Bill of Review—Correction of Decree—Costs.*
   When the question of costs is not discretionary, but controlled by statute, as in this case, or by contract, as in some cases, and such costs are not merely incidental to the matter in controversy before the court, error in the judgment or decree may be corrected by motion, writ of error, bill of review, appeal, or by any other appropriate process.  (p. 327).

3. STATES—*Bill of Review—Correction of Decree—Costs—State as Party.*
   And where the State is plaintiff in such suit, and the erroneous judgment or decree is in its favor, the error may be so corrected notwithstanding the provision of section 35, of article 6, of the Constitution, that the State shall never be made a defendant in any court of law or equity.  (p. 328).
   (LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Tucker County.

Suit by the State and others against J. H. Moore and others. From decree for plaintiff, defendants appeal.

*Reversed and entered here.*

*A. J. Valentine* and *W. B. & E. L. Maxwell,* for appellants.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for appellees.

MILLER, JUDGE:

On a former appeal by the same appellants, 71 W. Va. 285, we affirmed the decree appealed from adjudging the State's

title to 308.61 acres of the 610 acres proceeded against by the Commissioner of School Lands good, and liable to be sold as waste and unappropriated land, and that appellants had no right or title thereto. But said decree gave no costs against the defendants and appellants.

On remand of the cause the circuit court, on January 7, 1913, after directing·sale of the land according to the former decree affirmed, proceeded to pronounce an additional decree in·favor of the State against defendants and appellants for all the costs incurred in the circuit court, amounting to $603.48.

At a subsequent term of the court, appellants, alleging surprise and want·of any notice that such an additional decree was to be pronounced against them, and error of law therein, presented and were permitted to file their bill of review to correct said decree.

On the hearing of the bill of review the demurrer thereto was overruled, but defendants did not answer, and the court by decree of June 21, 1913, now complained of, so far corrected its former decree for costs as to strike out the docket fee, $15.00; one half the clerk's costs, $9.87; the amount allowed the commissioner of school lands, $50.00; and one half of the cost of the survey, $159.57, in all $234.44, leaving a balance of $369.04, on the former decree to be collected, and by said decree the court perpetuated the injunction previously awarded as to said sum of $234.44, so eliminated, but dissolved the same as to the balance, $369.04.

Our view of the case renders it unnecessary to respond to the first point of error, namely, that the circuit court, after affirmance here of the original decree giving no costs, was without jurisdiction to supplement that decree by the decree against appellants for costs, for we are of opinion that a proper construction of our statute is controlling in cases of this kind. Section 13, chapter 105, serial section 4445, Code 1913, provides that: "The costs of every such suit shall be ascertained and taxed by the clerk as in other chancery cases, *and shall be paid out of the proceeds of the sale of said real estate, and not otherwise,* to the several persons entitled thereto, if sufficient for the purpose; but if·such proceeds are not sufficient to pay the whole of such costs and· commissions and

the expenses aforesaid of the commissioner of school lands, the same shall be paid therefrom to the several persons entitled thereto pro rata.''

This provision of the statute clearly takes cases of this kind out of the general rule prescribed by section 8, chapter 138, serial section 5083, Code 1913, and the discretionary powers of courts in other cases over the subject of costs as incident to the main controversy. This is a case where, in the language of said section 8, ''it is otherwise provided'', denying to the court power to adjudge costs against claimants of the waste and unappropriated land proceeded against. In the face of this statute we do not see how we can engraft an exception upon it. It is the duty of the State in such cases to locate its land and show title thereto before it is entitled to a decree of sale.

We are not called upon to say whether in cases brought. under said chapter 105, of the Code, and there has been misconduct of the parties or abuse of the process of the court in the incurrence of costs, the court may not control the question of costs; but no case calling for the exercise of any such jurisdiction is presented by the record in this case.

Nor do we think the decree authorized by section 17, of said chapter 105, serial section 4449, Code 1913. That section authorizes a former owner of land forfeited to the State for any cause, pending such suit, to redeem the same in the manner and upon the terms therein provided, on payment of the *costs,* taxes, and interest properly chargeable thereon, but this section in no way controls or affects the construction of section 13 of said chapter.

But the State by the attorney general would sustain the decree appealed from by denying the jurisdiction of this court to review a decree for costs, relying for this proposition on the cases of *Taney* v. *Woodmansee,* 23 W. Va. 709; *Harman* v. *City of Lynchburg,* 33 Grat. 37; and *Lee* v. *Watson,* 1 Wall. 337. The general rule is, that an appellate court, limited as we are to what was in controversy in the court below, has no jurisdiction to control incidental questions of costs and the discretion of the lower court respecting the same. But there are well recognized exceptions to this general rule, and we think this case falls within one of those ex-

ceptions, namely, that when the subject of costs is not dis-
cretionary, and is, as here, controlled by statute, or is con-
trolled by contract, a decree or judgment ignoring the rights
of the parties is appealable. *Nutter* v. *Brown,* 58 W. Va.
237; *Castle* v. *Castle,* 69 W. Va. 400.

In *Frum* v. *Fox,* 58 W. Va. 334, we corrected a decree omit-
ting costs, when costs were proper, and as corrected affirmed
it; but that case does not decide that when such a decree is
affirmed here without such correction as to costs, the court
below may afterwards supplement it by an additional decree
giving costs.

Another point urged by the attorney general in support of
the decree, and against appellate jurisdiction to review it,
is that the bill of review is a new suit, and that the State and
its officers cannot be made defendants thereto. While in a
sense a bill of review is the beginning of a new suit; *Hyman,
Moses & Co.* v. *Smith,* 10 W. Va. 298; *Law* v. *Law,* 55 W. Va.
4; so also is a writ of error or appeal prosecuted in this court.
*Bailey* v. *McCormick,* 22 W. Va. 95; *Dunfee* v. *Childs,* 59 W.
Va. 225; *Perkins* v. *Pfalzgraff,* 60 W. Va. 121; *Wingfield* v.
*Neall, Id.* 114. But proceedings by bill of review, and by writ
of error or appeal, are substantially for the same purpose,
namely, the correction of errors in decrees or judgments al-
ready entered, and it would be a strange doctrine, and one
fraught with wonderful consequences, if in construing section
35, of article 6, of our constitution, we were obliged to hold
that where the State herself sues, and invokes the aid of her
courts in maintaining her rights, a humble citizen thus haled
into court can never have the errors in decrees in her favor
corrected by bill of review or by appellate process. The cases
cited by the attorney general, *Tompkins* v. *The Kanawha
Board,* 19 W. Va. 257, *Miller* v. *State Board of Agriculture,*
46 W. Va. 192, and *The Miller Supply Co.* v. *State Board of
Control,* 72 W. Va. 524, are not appropriate to bills of review
and writs of error or appeals, in case where the State has been
plaintiff. By herself suing the State subjects herself to all
appropriate process to correct errors in judgments or decrees
in her favor. Hundreds of cases occur in the books showing
this to be the conceded practice. It could not well be other-

wise.  See *State* v. *King*, 67 W. Va. 10, 84 S. E. 902; *State* v. *King*, 64 W. Va. 546, 611.

For these reasons the decree below will be reversed and a decree entered here, setting aside the decree of January. 7, 1913, in so far and in so far only as it adjudges costs in the court below against defendants and appellants, and perpetuating the original injunction awarded by said court on said bill of review.

*Reversed and entered here.*