HARRIET A. E. REILLY, TRUSTEE (ESTATE OF FRANCIS A. COUGHLIN) *vs.* THE STATE OF CONNECTICUT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th—decided November 20th, 1934.

*Henry E. Shannon,* for the plaintiff in error.

*H. Roger Jones,* Assistant Attorney-General, with whom, on the brief, was *Warren B. Burrows,* Attorney-General, for the defendant in error.

MALTBIE, C. J.  This is a writ of error brought to this court from a judgment of the Superior Court. The record of the original action attached to the writ discloses the following situation: By writ dated March 10th, 1933, the State brought an action against the plaintiff in error, as trustee of the estate of Francis A. Coughlin.  In the complaint it was alleged that since 1914 Coughlin had been an inmate of the Connecticut State Hospital; that he had been and was without funds or property with which to pay for his support there; that from 1914 to April 30th, 1921, William Anderson had made contributions for his support; that thereafter the city of Bridgeport made contributions for his support as a pauper, at the rate provided by the statute; that since 1914 the State has been put to ex-

pense for his support; that since 1921 Anderson has died, leaving a will in which he bequeathed $3500 to the plaintiff in error in trust for Coughlin during his life, with directions to her to expend or appropriate in her discretion any or all of the income or principal for his comfortable support and if he recovered his health to pay over to him any part of the fund which had not been expended, with a gift at his death of any unexpended remainder to certain named legatees; and that the plaintiff in error, although she was required by law to provide support for Coughlin and had agreed to pay the State for his support at the hospital, had failed to do so. The writ and complaint were personally served upon the plaintiff in error but she made default of appearance. Thereafter the State moved for judgment and the trial court gave judgment for it to recover $2811.17 with costs taxed at $68.94. In the writ of error the errors assigned, apart from one too general in form to require attention, are to the effect that, under Anderson's will, the fund in the hands of the plaintiff in error could not legally be taken to repay the State for the expense of supporting Coughlin at the hospital and that the trial court erred in not remitting the parties for relief to the Court of Probate. The State has filed a plea in abatement upon several grounds and to the plea the plaintiff in error has demurred.

One ground stated in the plea is that it does not appear that the State has consented to become a party to the action and without that consent the action may not be prosecuted against it. The rule undoubtedly is that the State cannot be made a party defendant to an action without its consent; but if the State itself invokes the jurisdiction of the court to secure affirmative relief, it subjects itself to any proper cross demand involved in the subject-matter of the action. *State* v.

*Kilburn,* 81 Conn. 9, 12, 69 Atl. 1028; *State* v. *Anderson,* 82 Conn. 392, 394, 73 Atl. 751; *Davis* v. *Naugatuck Valley Crucible Co.,* 103 Conn. 36, 130 Atl. 162. *A fortiori,* by bringing an action, the State subjects itself to the procedure established for its final and complete disposition in the courts, by way of appeal or otherwise. *State* v. *Moore,* 77 W. Va. 325, 328, 87 S. E. 367; *Colorado & S. Ry. Co.* v. *People,* 53 Colo. 571, 573, 128 Pac. 886. Had the plaintiff in error appealed from the judgment rendered against her, the State clearly could not have interposed the claim of immunity. But here it relies upon the claim that a writ of error, unlike an appeal, has been said by us to be an independent proceeding, and hence the bringing of the original action would not constitute consent to subject itself to the action of the court upon the writ. A writ of error is an independent action in the sense that it must be served and returned as original process. *Chevalier* v. *Wakefield,* 85 Conn. 374, 375, 82 Atl. 973; *Michelin* v. *MacDonald,* 114 Conn. 582, 584, 159 Atl. 636. But it is no less a direct attack upon the judgment in the original action than is an appeal. A similar situation exists where a petition for a new trial is brought under § 5701 of the General Statutes. Such a petition must be served and returned as original process, but we have pointed out that it is really a part of or ancillary to the original action. *Gannon* v. *State,* 75 Conn. 576, 577, 54 Atl. 199. Indeed, this becomes apparent when it is considered that the original judgment cannot be pleaded in bar of the petition; *Alling, Attorney-General,* v. *Levitt,* 112 Conn. 586, 591, 153 Atl. 166; *DeMichiel & Brothers* v. *Sequin,* 114 Conn. 736, 159 Atl. 889; and the same thing is true in regard to a writ of error. That the writ is not a proceeding independent of the original action in any broad sense is apparent when we con-

sider that the effect of a reversal is to destroy the judgment in that action, to restore the parties to the position in which they were before the judgment was rendered, and to permit the re-entry of the case in the trial court for disposition as though no judgment had been entered. *Allen* v. *Adams,* 17 Conn. 67; *Vila* v. *Weston,* 33 Conn. 42, 50; *Woodruff* v. *Bacon,* 35 Conn. 97, 102; *Brennan* v. *Berlin Iron Bridge Co.,* 73 Conn. 412, 415, 47 Atl. 668, 75 Conn. 393, 396, 53 Atl. 779; *Rogers* v. *Hendrick,* 85 Conn. 271, 275, 82 Atl. 590. When the State brought the original action it waived its immunity as regards this writ of error just as much as it would have waived it had the plaintiff in error appealed.

Another ground upon which the plea in abatement rests is that the plaintiff in error, having made default of appearance in the original action, cannot now prosecute this writ. It may be that ordinarily a defendant who suffers a judgment by default is precluded from attacking that judgment by appeal or writ of error. See 3 C. J. 604. In this case, however, we have a close counterpart to *Shaw* v. *Spelke,* 110 Conn. 208, 147 Atl. 675. There the plaintiff in error had individually and as trustee consented to the original judgment; but we held that he might prosecute a writ of error from it. It appeared there that the beneficiaries of the trust had not been parties to the original action and that their rights were adversely affected by the judgment; and we held that the exercise of a proper solicitude for them by the court dictated that they should not suffer by reason of the fact that the trustee consented to the judgment. So here it is primarily Coughlin whose interest is at stake as the benficiary of the trust during his life. By the terms of the will it is the duty of the plaintiff in error in her discretion to use for the support of, or if he recovers to pay to, Coughlin all or any

part of the principal or income; and the effect of the judgment upon his interest is apparent when it is considered that by it the principal of the trust fund was reduced from $3500 to about $600, with a proportionate reduction of income. It is true that it is alleged that the plaintiff in error promised to pay the State for Coughlin's support at the hospital; but such a promise to use the funds held by her as trustee, even if supported by a consideration, may have been beyond her power to make, particularly if, as the record suggests, the judgment included payments for Coughlin's support before the death of the testator. If the plaintiff in error has now come to the conclusion that the State had no legal right to the money in her hands as trustee to satisfy the claim it was making, and that she should not have permitted a judgment by default, the interest of the beneficiary in the trust dictates that she should have the right to present her claim that the judgment was erroneous. That the judgment was rendered upon a default of appearance by the plaintiff in error, as the case stands upon the record, is not a sufficient ground to abate the writ.

The plea states, as another ground of abatement, that execution issued upon the judgment in the original action and it was satisfied, and this allegation the demurrer admits. But a writ of error is not barred for such a reason, any more than is an appeal, to neither of which is a stay of execution a necessary incident. *Brewster* v. *Cowen,* 55 Conn. 152, 156, 10 Atl. 509; *Coughlin* v. *McElroy,* 72 Conn. 444, 448, 44 Atl. 743; Practice Book, § 366; General Statutes, § 5711. If a judgment has been satisfied before it is reversed by writ of error, "the law raises an obligation in the party to the record, who has received the benefit of, the erroneous judgment, to make restitution to the other party for what he has lost; and the mode of proceeding to

effect this object must be regulated according to circumstances." *Bank of United States* v. *Bank of Washington,* 31 U. S. (6 Pet.) 8, 17, 8 L. Ed. 299. In that case, as in *Beckley* v. *Boardman,* 6 Conn. 372, it is suggested that in certain cases assumpsit might lie to recover the amount paid to satisfy the judgment. But as between the immediate parties relief may, after reversal and re-entry of the case in the trial court, be secured in the action itself by a *scire facias* if the facts are in dispute, or if they are not by an order issued upon a rule to show cause. 2 Salk. 588; *Whitesell & Sons* v. *Peck,* 176 Pa. St. 170, 35 Atl. 48; *Andrews* v. *Thum,* 71 Fed. 763. In the present writ the plaintiff in error claims damages, but she does not press this court for the entry of such a judgment. Where the facts are undisputed and the right to damages in a certain amount follows as a matter of law, this court can award them; *City National Bank* v. *Stoeckel,* 103 Conn. 732, 738, 132 Atl. 20; but it was long ago settled in this State that upon reversal upon a writ of error the better practice is to remand the case to the lower court for any affirmative relief. *Allen* v. *Adams,* 17 Conn. 67, 74. The inclusion of the claim for damages in the writ does not, however, in any way invalidate the proceeding so far as it seeks a reversal of the judgment in the original action.

A writ of error to this court presents only claimed errors apparent upon the face of the record. *State* v. *Muolo,* 118 Conn. 373, 383, 172 Atl. 875. The default of appearance by the plaintiff in error in the original action, of itself would only entitle the State to a judgment for nominal damages, and if the complaint did not in fact allege a cause of action, the plaintiff was not entitled to recover substantial damages. *Went* v. *Schmidt,* 117 Conn. 257, 259, 167 Atl. 721. The substantial question presented by the writ of error is

whether the State was legally entitled to enforce in any event such a claim as that stated in the complaint, against the plaintiff as trustee under the terms of the will, a copy of which was attached to the complaint; and this question is presented upon the record of the case annexed to the writ of error. None of the grounds stated in the plea in abatement is sufficient in law.

The demurrer to the plea in abatement is sustained and the plea overruled.

In this opinion the other judges concurred, except HINMAN, J., who had serious doubts whether the defendant, having permitted a judgment by default to enter, was not precluded from relief in this proceeding.