This proceeding is based on a writ of error sued out by Mr. O'Keefe, hereinafter called the tenant, against the company, hereinafter called the landlord, seeking to reserve a judgment of a justice of the peace in an action whereby the landlord sought possession of the premises leased to the tenant.
From the writ, the bill of exceptions and the judgment file, it appears that the landlord leased certain real estate and gasoline station equipment in the City of New Haven to the defendant for one year from April 1, 1941, with a provision to continue the term from year to year thereafter, unless either party should terminate the lease by giving written notice to the other ninety days prior to the expiration of any current term. The landlord gave such notice more than ninety days before March 31, 1942, to become effective on that date, but the tenant has continued in possession ever since. On July 12, 1944, the landlord gave notice to the tenant to quit possession on or before July 31, 1944, and, when this notice was not heeded, a summary process action was instituted, which was dismissed later for loss of jurisdiction. See, Atlantic Refining Co. vs.O'Keefe, 131 Conn. 528.
Following the decision of the Supreme Court of Errors, the landlord instituted another action of summary process, which was returned to a justice of the peace in New Haven County, residing in the City of New Haven. The tenant then filed a motion to transfer the case to the Municipal Court of New Haven, as well as various other motions addressed to the complaint, and a demurrer attacking the sufficiency thereof. The motions were denied and the demurrer was overruled. After further proceedings, issues were joined, and determined in favor of the landlord. A judgment for possession of the property, with costs, was entered on June 18, 1945.
The pending writ of error was procured on June 23, 1945, and it sets forth nineteen alleged errors in the proceedings before the justice of the peace. Many of these have no foundation *Page 443 
in the bill of exceptions allowed by the justice of the peace, and others are clearly without merit, so that but six or seven have been pressed here. Some of the latter are repetitious, leaving but a few substantial questions to be considered.
Chief reliance is made by the tenant on the claim of error in the denial of his motion to transfer the case to the Municipal Court of New Haven, as set out in Par. 8 of the bill of exceptions and in Par. 2 of the writ.
It is agreed by the parties that prior to July 1, 1939, the City Court of New Haven had no original jurisdiction in actions of summary process. Charter and Ordinances of New Haven
(1928) p. 136 et seq. Another section of the act creating the City Court provided a method of transferring civil actions from any justice of the peace to such court, but actions of summary process were expressly excluded therefrom. Thus, this type of special proceeding could not have been entertained by the City Court, either by direction of the original process or by transfer, before the date last mentioned.
Prior to said date the jurisdiction of the city, town and borough courts throughout the State was defined by special laws applying to only one court. There was no uniformity of jurisdiction, either as to civil or criminal proceedings.
The City Court of New Haven then had rather broad civil jurisdiction, with provisions for transfer therefrom or for review in this court, the Superior Court or in the Supreme Court of Errors in the various classes of cases returned there.
Under the Minor Courts Act, now appearing as chapter 281b of the 1939 Supplement to the General Statutes, municipal courts were set up in two classes, graded according to the population of the municipality in which each is located. This act had the effect of repealing many of the special jurisdictional provisions under which the courts had been functioning, as "it was the intention of the Legislature to preserve merely the structure of the town, city and borough courts theretofore existing and to provide a new and uniform jurisdiction and practice and procedure for those courts.... In short, so far as jurisdiction and practice and procedure in the town, city and borough courts is concerned, the slate is wiped clean and an entirely new order is set up." Lake Garda Co., Inc. vs. LeWitt,126 Conn. 588, 592, 593. Thus, a new definition of the powers of and the manner of proceeding in the New Haven Municipal *Page 444 
Court was enacted, having the effect of a repeal by implication of all provisions of the city charter which were inconsistent with or repugnant to the new act. Section 737f of the 1941 Supplement to the General Statutes, a part of the chapter referred to, provides that "any municipal court having civil jurisdiction shall have jurisdiction over civil actions for legal or equitable relief, or both, including actions of summary process ....", the latter being a new grant of power to the New Haven City Court.
At the same session, the Legislature amended the statutes relating to summary process and again expressly granted jurisdiction of such actions "to any justice of the peace residing in the town where the leased property is located, or [to] any city .... court having civil jurisdiction in such town ...." This statute, section 1429e of the 1939 Supplement to the General Statutes, as well as section 737f of the 1941 Supplement to the General Statutes, is of general application throughout the State, and such enactment accomplishes a grant of jurisdiction in summary process to the New Haven City Court which, up to that time, had been denied. Leete vs. Griswoldpost, 114 Conn. 400, 405. It is clear, therefore, that the action on which the present proceeding is based could have been brought to the justice of the peace, as was done, or to the City Court.
The instant question is whether the tenant had a right to demand the transfer of the case instituted by his landlord from the justice of the peace to the municipal court. Section 5307 of the General Statutes, Revision of 1930, provides that: "In any civil action returnable before any justice of the peace, either party to the action may, previous to trial, make written motion that such action be removed to any town, borough or city court having civil jurisdiction in the town, city or borough where such action is returnable." The method of removal is then stated. Further, it is provided therein that "the provisions of this section shall not affect those of any special act relating to the jurisdiction or procedure of any town, city or borough court." This statute has not been amended or repealed since 1919. The text of section 737f includes these summary proceedings within the term "civil actions" and this is in accord with the decisions in this State.
Because of the limitation last quoted, this statute had no application to the New Haven City Court, at least as regards summary process, until July 1, 1939, when jurisdiction of such *Page 445 
actions was given to that court. Since that date, however, such actions have been returnable to any justice of the peace residing in New Haven or to the local court, so that section 5307 then became applicable locally as a part of the general law of the State.
In addition to the jurisdictional facts stated above, the record discloses that a written motion for transfer was filed by the tenant before the trial. It then and there became the duty of the justice of the peace to obey the mandate of the statute, viz., "such justice shall file with the clerk or judge of such [city] court all the original files and motions in such action and .... such court .... shall hear and determine such action in the same manner as if the same had originally been brought before such court ...." (italics added.) His failure to grant the motion and to file the papers in the case with the clerk of the City Court constituted reversible error, as the tenant followed the requirements of the law and was entitled to avail himself of the privilege of choosing the tribunal which would determine his rights.
The landlord argues that the provision of the city charter which requires that motions for transfer to the City Court shall be addressed to the clerk thereof is still effective, and, since the motion under consideration here was filed with the justice, the motion must fail. This contention cannot be upheld, as the charter provision is inconsistent with a rule of general application. Further, section 5307 was reenacted as part of the Revision of 1930 — long since the charter provision was adopted. As pointed out in the Lake Garda case, supra, uniformity of procedure, as well as of jurisdiction, was the object of the Minor Courts Act of 1939, and such uniformity would not be attained if courts should continue to give effect to the old and varying procedural provisions of the special laws which set up some sixty or more municipal courts in the State.
This view of the case makes it unnecessary to determine any of the other questions submitted here as, before this court may pass on them, a ruling must be had in the proper court. SeeReilly vs. State, 119 Conn. 217, 220; Lamenza vs. Shelton,
96 id. 403.
 Error is found in the ruling of the justice of the peace as asserted in Par. 8 of the bill of exceptions and in Par. 2h of the writ of error, and the judgment is reversed.