[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO IMPLEAD
This case arose from an automobile accident on April 20, 1988. According to the complaint, filed June 6, 1989, the plaintiff Arthur Greco was a passenger in a car owned by his employer, the State of Connecticut. The vehicle was being driven by the plaintiff's co-employee Bernard Szygiel, and just prior to the accident was parked on the center divider of Route 95 in Greenwich. The defendant is alleged to have struck the state vehicle when the state vehicle was being driven back onto the highway, causing the plaintiff serious injuries. The complaint alleges various statutory and common-law violations by defendant Richard W. Almstead, who was driving a commercial vehicle owned by his father, co-defendant Richard Almstead, Sr.
The defendants have moved to implead as third-party defendants the State of Connecticut and the co-worker Szygiel, claiming they are entitled to indemnification from these parties for expenses incurred in the action by plaintiff Greco. The motion to implead the State of Connecticut is presently before this court. CT Page 1244
The defendants' motion to implead purports to be pursuant to Conn. Gen. Stats. 52-102a and Connecticut Practice Book 117 (rev's to 1978, as updated to Oct. 1, 1989). The statute referred to reads in pertinent part:
 Sec. 52-102a. Impleading of third party be defendant. Rights and remedies of third-party defendant. (a) A defendant in any civil action may move the court for permission as a third-party plaintiff to serve a writ, summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The motion may be filed at any time before trial and permission may be granted by the court if, in its discretion, it deems that the granting of the motion will not unduly delay the trial of the action nor work an injustice upon the plaintiff or the party sought to be impleaded.
 (b) The writ, summons and complaint so served shall be equivalent in all respects to an original writ, summons and complaint and the person upon whom it is served, hereinafter called the third-party defendant, shall have available to him all remedies available to an original defendant, including the right to assert set-offs or counterclaims against the third-party defendant. The third-party defendant may also assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim and may assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.
Connecticut Practice Book 117 also contains similar language as regards the impleading of "a person not a party to the action." Where, as here, the defendant seeks to litigate claims or defenses as against a "person" who has already become a party to the action, it is submitted the statute and the Practice book section are inapposite, and the motion is superfluous. Therefore the motion should be denied; the defendants already have the party sought to be impleaded before the court and the court is thus CT Page 1245 competent to determine the defendants' interests vis-a-vis the State without such a redundant motion.
The purpose of the defendants' motion, is to bring the State before the court to litigate the question of whether the defendants' have a right of contribution and/or indemnification against the State if the can be proven to have been negligent in causing the accident. Procedurally, the proper vehicle for such arguments is either the counterclaim or the special defense, pursuant to Connecticut Practice Book 116. Legally, the claims for indemnity and contribution in such circumstances have been universally disallowed, though claims for diminution of the employer's recovery have been the subject of some rather disparate opinions in the Superior and District Courts, and have not been disposed of by the Supreme or Appellate Courts of Connecticut as yet. A threshold issue is the disentanglement of the question of the permissibility of such counterclaims and/or special defenses under Conn. Gen. Stats. 31-293 and the underlying question of the State's immunity from suit absent a legislative waiver. As to the question of sovereign immunity:
 The rule undoubtedly is that the State cannot be made a party defendant to an action without its consent; but if the State itself invokes the jurisdiction of the court to secure affirmative relief, it subjects itself to any proper cross demand involved in the subject-matter of the action. State v. Kilburn, 81 Conn. 392, 394, 73 A. 751; Davis v. Naugatuck Balley Crucible Co., 103 Conn. 36, 130 A. 162. A fortiori, by bringing an action, the State subjects itself to the procedure established for its final and complete disposition in the courts, by way of appeal or otherwise. State v. Moore, 77 W. Va. 325, 328, 87 S.E. 367; Colorado S. Ry. Co. v. People, 53 Colo. 571, 573 128 P. 886.
Reilly v. The State, 119 Conn. 217, 219-20 (1934).
The rule propounded in Reilly remains in effect. See, e.g., Lacasse v. Burns, 214 Conn. 464, 469 (1990) ("We Have long held that, once involved in an action, the state enjoys the same status as any other litigant."). This implied waiver of sovereign immunity is usually extended only to defensive counterclaims for recoupment. Such a rule is closely analogous to the cases construing the Workers' Compensation Act, though of CT Page 1246 different origins. See, e.g., U.S. v. Mottola, 605 F. Sup. 898,902 (D.N.H. 1988) ("Filing suit as a plaintiff constitutes a waiver of . . . sovereign immunity with respect to any counterclaim which arises out of the same event . . . and which is asserted defensively in recoupment for the purpose of diminishing the State's recovery."); State v. Hogg, 311 Md. 446, 535 A.2d 923,928 (1986).
Therefore sovereign immunity is not a bar to a counterclaim; the motion to implead is therefore unnecessary.
The following discussion is included as to the viability of a special defense or counterclaim alleging contributory negligence by an employer in a case of this nature. The original rule was stated in Cyr. v. F.S. Payne, 112 F. Sup. 526
(D.Conn. 1953), and followed in Perrucci v. Nadeau,30 Conn. Sup. 126 (Sup.Ct. 1973): "[V]icarious contributory negligence of the employer is not a valid defense to the employer's action for reimbursement." Here the only possible theory under which liability could attach to the State of Connecticut is vicarious negligence; it can not be alleged that the State itself was in the car. There are other cases which have stated that, beyond a defensive assertion of employer negligence, no action for contribution and/or indemnification exists as against a negligent employer. See, e.g., Therrien v. Safeguard Mfg. Co.,35 Conn. Sup. 268, 273 (Sup.Ct. 1979); A.A Equipment, Inc. v. Farmoil, Inc., 31 Conn. Sup. 322, 324 (Sup.Ct. 1974) ("In the absence of legislation, courts have generally held that they cannot on their own initiative create an enforceable right of contribution as between joint tortfeasors.") (quoting Halcyon Lines v. Haenn Ship Ceiling Refitting Corporation, 342 U.S. 282,285 (1929)). Under these precedents, the counterclaim for affirmative recovery must be deemed impermissible. The question of a defense in the nature of recoupment to the employer's recovery remained an open question absent legislation.
However, the paucity of legislative guidance referred to above was deemed corrected by the creation of the comparative negligence statute, Conn. Gen. Stats. 52-572h, in a 1981 case, Cirrito v. Continental Can Co., Inc., 519 F. Sup. 638
(D.Conn. 1981). In that case the District Court acknowledged the continuing bar to actions for indemnification and contribution posed by statutes governing Workers' Compensation, Id., at 640, but also held that the passage of P.A. 73-622, which created the Connecticut comparative negligence statute codified at 52-572h, expressed a legislative intention that an employer's direct negligence statute be used to reduce any recovery by the employer under Conn. Gen. Stats. 31-293 (though not for any affirmative recovery by the defendant). Id. at 641.42. Among the legal questions facing a court ruling on the defendants' assertions CT Page 1247 here are: Can the interests of justice be served by applying the rule in Cirrito (admittedly not binding on a state court) to an employer who, under the facts of this case, can not be negligent? Does the addition of statutory provisions which contemplate contribution among tortfeasors in negligence actions (i.e., Conn. Gen. Stats. 52-572h (f), either in the earlier form, referred to as "Tort Reform I" or the later version, known as "Tort Reform II") render the earlier rules precluding the contribution claim advanced here obsolete?
The answer to the first question, at least in terms of the facts in this case, is no. The allegations of the proposed third-party complaint offered by the defendant center on the actions of the driver Szygiel, and rest on the agency relationship to the State to impose liability on the employer. Whatever the equitable justification for the Cirrito rule in a case where an employer seeks recovery despite his own direct negligence, the third-party complaint here is devoid of such equitable momentum: the State, if liable on any theory, could only be liable on a theory of vicarious imputation. This is not sufficient to bring the case within the exception propounded by the Cirrito court and those which followed it.
As to the second question posed above, it does not appear to have been directly addressed by any court. The most recent case found which deals with this issue is Adams v. Airefreight Services, Inc., 5 CSCR 333, 334 (April 18, 1990 Mulcahy, J.), which traces the development of this issue since Cirrito. The injury sued on in that case occurred the day before the version of 52-572h (f) known as "Tort Reform I" went into effect, and therefore the opinion does not directly address whether the intent of the tort Reform contribution statute could or should be construed to expand the employer negligence defense as the original version of 52-572h was interpreted by the Cirrito court. 519 F. Supp. at 641. The Adams case was therefore litigated under substantially the same law as the Cirrito case. There are cases cited in Admas which take opposing views on the availability of the employer's negligence defense. The Adams court and others it relied on took the position that, since the cause of action for employer recovery is of entirely statutory origin, the issue of equitable reduction as per Cirrito is not to be considered. It is undeniable that 31-293 contains no explicit provision for such diminution as in Cirrito. Additionally, the fact that the employer's right of action is entirely derivative from the plaintiff's rights has helped the Adams court and those in agreement therewith to decide that the employer's negligence is irrelevant to the claim under 31-293(a), since the claim does not devolve to a comparison of the tortfeasor's culpabilities but rather a statutory lien of the employer as against the plaintiff if and when the plaintiff recovers. Such distinction are rather CT Page 1248 abstract and academic; where an employer is clearly and directly negligent, the rule of Cirrit, and such state court cases as DeSantis v. Gaudioso, 39 Conn. Sup. 222 (Sup.Ct. 1983) remains attractive. There is no intrinsic justification for interpreting either Tort Reform I or II (the former allowing allocation of proportionate damages among all persons found to be at fault, the latter limiting it to parties) to expand or otherwise enhance the attractiveness of the equitable doctrine utilized in the Cerrito and DeSantis cases. The case of Stavola v. Palmer, 136 Conn. 670, (1950), stated that the theory of the action under 31-293 was that the recovery of the compensation payer represented the repayment of an obligation which as "primarily the obligation of the tortfeasor". Id. at 677. Therefore the court in any event remains competent to ascertain such primary obligation in light of any contributing negligence and reduce the employer's recovery where appropriate. However, as mentioned above, the third party complaint here is not such a case. There is ample authority for the proposition that the promulgation of52-572h (f) did not abrogate the long-standing rule against contribution among tortfeasors. See, e.g., Gomeau v. Forrest,176 Conn. 526-27 (1979) ("Nowhere in the wording of the statute is there any indication that the legislature intended to change the long-standing common-law rule against contribution among joint tortfeasors . . . In the interpretation of a statute, a radical departure from an established policy cannot be implied. It must be expressed in unequivocal language.") The creation of the comparative negligence statute may well have provided language sufficiently unequivocal to justify the ruling in Cirrito, but there is nothing sufficiently unequivocal in any version of the statute to imply that any expansion of the Cirrito rule, to include vicarious negligence, or to allow a true contribution or indemnity claim by the defendant, is now warranted. Inasmuch as the defendants' claims for indemnity and contribution, absent some contractual basis, are barred under31-293, Cirrito, 519 F. Supp. at 640, the only remaining use of the employer's negligence is an a special defense to the employer's intervening complaint. Such a defense is properly seen as a response to a statutory right of subrogation claim and not a negligence claim, and therefore no contribution as contemplated by 52-272h(f) can reasonably be implied.
The law expressed by the Cirrito court remains persuasive, though not binding on this court, but, given the impossibility of demonstrating direct negligence by the State in this action, the special defense of employer negligence if it were to be raised by the defendants to offset the recovery of the State is not available to the defendants here for the foregoing reasons.
The defendants' motion to implead the State of Connecticut is denied. CT Page 1249
STODOLINK, JUDGE.