[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO DISMISS COUNTERCLAIM
The plaintiff ("State") claims that the counterclaim should be dismissed because of lack of subject matter jurisdiction. At this late stage of the pleadings and in light of the age of this case, that is the only basis upon which this court would consider a motion to dismiss P.B. § 145. The State asserts that because the defendant ("Lex") did not first present the claims to the Commissioner of Claims, the counterclaim is barred by the doctrine of sovereign immunity.[1]
The complaint seeks relief in the form of specific performance and damages for the Lex's refusal to perform under the purchase option contained in the lease between the parties. (7/18/95 Second Amended Complaint). The May 16, 1991 counterclaim, which is the subject of this motion, seeks damages from the State under certain provisions of the lease.
Discussion
The doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. Amore v. Frankel, 228 Conn. 358, 364 (1994); Horton v.Meskill, 172 Conn. 615, 624 (1977).
In its memorandum, the State alludes to a 1958 Constitutional amendment now Art. XI, § 4 of the Connecticut Constitution. It reads
 Sec. 4. Claims against the state shall be resolved in such manner as may be provided by law.
The legislature enacted what is now § 4-141 et seq. to set forth the procedure for pursuing claims against the state. In Doev. Heintz, 204 Conn. 17, 35-36 (1987), the court noted the intent behind this statutory chapter:
 This legislation expressly bars suits upon claims cognizable by the claims commissioner except as he may authorize, an indication CT Page 14647 of the legislative determination to preserve sovereign immunity as a defense to monetary claims against the state not sanctioned by the commissioner or other statutory provisions. General Statutes 4-148(b), 4-160.
See also Fidelity Bank v. State, 166 Conn. 251 (1974) andHirschfeld v. Commission on Claims, 172 Conn. 603, 604 (1977). The State asserts that since Lex did not comply with C.G.S. §4-141 et seq., prior to bringing the counterclaim, the counterclaim must be dismissed.
Had there been no action by the State, it is clear that Lex would have had to seek the permission of the Commissioner of Claims pursuant to C.G.S. § 4-160 in order to bring an action based on the counterclaim. Lex relies on State v. Kilburn,81 Conn. 9 (1908) and cases thereafter for the proposition that since the state has consented to the bringing of the counterclaim by bringing the suit, the statutory procedure was not required.
 We have long held that, once involved in an action, the state enjoys
 the same status as any other litigant. Thus, for example, the state, when it brings an equitable action, opens "the door to any defense or cross-complaint germane to the matter in controversy . . . .
 A sovereign who asks for equity must do equity." State v. Kilburn, supra, 12.
Lacasse v. Burns, 214 Conn. 464, 469-470 (1990). In Reilly v.State, 119 Conn. 217, 219 (1934) Justice Maltbie noted
 The rule undoubtedly is that the State cannot be made a party defendant to an action without its consent; but if the State itself invokes the jurisdiction of the court to secure affirmative relief, it subjects itself to any proper cross demand involved in the subject matter of the action.
Here the State brought this action seeking specific performance of certain provisions of a lease. Lex counterclaimed, seeking damages under certain other provisions of the same lease.
In bringing this action the State has consented to the bringing of the counterclaim which arises from the subject matter CT Page 14648 of the complaint. The facts here are analogous to those in Statev. Hartford Accident Indemnity Co., 136 Conn. 157 (1949) where the state brought an action to recover the cost of constructing a highway when one defendant failed to perform under the contract. The named defendant who had provided the performance bond counterclaimed for the reasonable value of the work that had been performed. That defendant requested and received permission from the legislature to bring the counterclaim. Again Justice Maltbie noted the following:
 The state brought the action by writ dated February 15, 1943. Thereafter the company was authorized by the General Assembly to sue the state on its claim. 24 Spec. Laws 287. The special authority so given was unnecessary. ". . . if the State itself invokes the jurisdiction of the court to secure affirmative relief, it subjects itself to any proper cross demand involved in the subject matter of the action" Reilly v. State, 119 Conn. 217, 219, 175 A. 582. [Italics added.]
The court agrees with the reasoning of Justice Maltbie and does not find any indication that the Supreme Court has changed this position. See Lacasse v. Burns, 214 Conn. at 469-70. Moreover the court finds that the 1959 enactment of C.G.S. § 4-141 et seq., did not invalidate the Kilburn holding.
The State further argues that Count III should be dismissed because it seeks interest from the State, citing White OakCorporation v. Department of Transportation, 217 Conn. 281, 297-99
(1991). For the above reasoning and that found in State v.Crabtree, 32 Conn. Sup. 322 (1975), the court finds that the State has consented to the bringing of this claim for interest. The Motion to Dismiss the Counterclaim is denied.
Alexandra Davis DiPentima, Judge