[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter arises from a support action commenced by the State in the Family Support Magistrate Division against the Defendant father. After procuring a support order against the Defendant in his absence, the State failed to satisfy the contingency upon which that order was expressly based and the Defendant, by Motion for Payment (#105), sought to recover funds which the State had garnished pursuant to the aforesaid order. Addressing the Defendant's Motion for Payment, the Family Support Magistrate (the "Magistrate") (i) rejected the State's contention that the order retained its validity notwithstanding its failure to satisfy the required contingency, and (ii) found that the support order was void ab initio. This Court has affirmed the Magistrate's ruling following the State's appeal therefrom.
More than three months subsequent to the Magistrate's ruling on the Defendant's Motion for Payment, the State filed a Motion to Dismiss the Motion for Payment Due to Sovereign Immunity (#116). The Magistrate, by Memorandum of Decision dated December 4, 1996, denied the State's Motion to Dismiss on the ground of ripeness, to wit: that the State, in asserting its claim of sovereign immunity, had failed to seek the opening of the Magistrate's previous ruling granting the Motion for Payment. The State has appealed the Magistrate's ruling.[1]
The Court agrees with the Magistrate that, to the extent the CT Page 5123 State is now seeking dismissal of the previously granted Motion for Payment based upon a newly asserted claim of sovereign immunity, proper procedure would require the State to first seek a reopening of the Magistrate's prior ruling on the Motion for Payment.[2] Rather than rest its decision solely upon this procedural reed, however, the Court, in the interest of judicial economy, further finds, as the Magistrate's decision also implies, that the doctrine of sovereign immunity does not apply in this case. The State initiated this action to collect support from the Defendant. After having collected funds from the Defendant pursuant to an order which was subsequently found to be void, the State now asserts the doctrine of sovereign immunity as a defense to the return of those funds notwithstanding that it obtained the funds by initiating this action in the first instance.
 The rule undoubtedly is that the State cannot be made a party defendant to an action without its consent; but if the State itself invokes the jurisdiction of the court to secure affirmative relief, it subjects itself to any proper cross demand involved in the subject matter of the action.
Reilly v. State, 119 Conn. 217, 219 (1934). This limitation on the doctrine of sovereign immunity applies in this matter.[3]
The decision of the Magistrate is affirmed.
Solomon, J.